In the Matter of EDWARD F. TORMEY et al., Appellants, against FIORELLO H. LAGUARDIA et al., Respondents.

Argued October 4, 1938; decided October 18, 1938.

*Irving Rivkin* for appellants.

*William C. Chanler*, Corporation Counsel (*Samuel J. Silverman* and *Henry J. Shields* of counsel), for respondents. Local Law No. 26 of 1937 does not entitle petitioners to be paid their former annual salaries. (*Matter of Clancy* v. *Halleran*, 263 N. Y. 258.)

RIPPEY, J. Local Law No. 26 to amend section 1543 of the Greater New York Charter (L. 1901, ch. 466) in relation to reinstatement of employees from preferred lists, the validity of which is not questioned in this proceeding, went into effect June 28, 1937, and reads as follows: " Re-employment of persons on preferred civil service lists. Any persons in the service of the city, re-employed or reinstated since January first, nineteen hundred thirty-three, to the same or similar position he formerly held in the same or any other department of the city from a preferred civil service list established pursuant to section thirty-one of the civil service law, shall on and after July first, nineteen hundred thirty-seven, receive at least the same salary such person received at the time his name was placed on such preferred list." (See Administrative Code, New York City, p. 1170, §B 40-6,1.)

We cannot be interested in the policy of the legislation nor is its propriety open for consideration here. Its wording is plain and unambiguous. We cannot go back of the language used or, in the guise of construction, rewrite the law to make it something different than its wording plainly indicates.

On the 1st day of May, 1934, each of the petitioners was employed as inspector of regulating, grading and paving, grade 3, Bureau of Engineering, in the office of the President of the borough of Richmond, on an annual salary. Each was then laid off for lack of funds, effective as of that date. Pursuant to the requirements of the Civil Service Law (Cons. Laws, ch. 7) each was placed on the preferred eligible list for re-employment. On August 8, 1934, each was reappointed to the same position

with the same duties at a per diem rate of $8.00 per day under a provision that total employment for a year should not exceed 250 days. Such employment has continued. The proceeding here is for an order directing the defendants to pay them at least the same salary as they received before they were placed upon the preferred list from and after the date on which the Local Law went into effect. The facts are not in dispute. The Special Term dismissed the petition on the ground that petitioners were reappointed on a different basis and did not bring themselves within the purview of the Local Law above referred to. The order thereupon entered was affirmed by the Appellate Division by a divided court.

The petitioners were not per diem employees at the time they were relieved from duty and placed on the preferred list.

On May 1, 1934, the petitioner Tormey was employed at an annual salary of $2,820 per year and each of the other two petitioners at $2,580 annual salary. These amounts were reduced by virtue of the so-called Economy Act (Laws of 1932, ch. 637) to $2,640 and $2,415, respectively, and the latter were the annual salaries they " would have been receiving had they not been on leave of absence at the time their names were placed on the preferred list." The Economy Act was repealed by chapter 12 of the Laws of 1937, in effect June 30, 1937. By chapter 13 of the Laws of 1937 the Board of Estimate and Apportionment and the Board of Aldermen of the city of New York were authorized to reopen, reconsider and increase the budget for the year 1937 to provide for the complete restoration of salaries of employees whose compensation had been reduced under the authority of the Economy Act. The record does not disclose whether the budget was reopened and reconsidered or the salaries of petitioners increased.

My opinion was that petitioners have not shown themselves to be within the provisions of the Local Law.

However, the majority view, to which I must defer, is that the petitioners were re-employed or reinstated after January 1, 1933, to the same or similar positions which they formerly held in the same department of the city of New York and that re-employment was made from a preferred civil service list upon which their names then appeared and which had been established pursuant to section 31 of the Civil Service Law and that they were entitled to receive at least the same salary per diem that they received at the time their names were placed upon the preferred list.

The order of the Appellate Division and that of the Special Term should be reversed and the matter remitted to the Special Term with directions to enter an order in accordance with this opinion, with costs in all courts.

FINCH, J. (dissenting). In my opinion Local Law No. 26 has no application to the case at bar.

Employment as an inspector of regulating, grading and paving, grade 3, Bureau of Engineering, in the office of the President of the borough of Richmond on a per diem basis, " total employment for the year not to exceed 250 days" at eight dollars per day, is not reinstatement to a position or re-employment in a position similar to a position for which an annual salary is paid for the work of a year. The mere fact that the work is the same or similar is not enough to make Local Law No. 26 applicable. All of the attributes of the position must be the same or similar and in the case at bar there is a substantial difference between the positions.

The order appealed from should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS and LOUGHRAN, JJ., concur with RIPPEY, J.; FINCH, J., dissents in opinion; LEHMAN, J., taking no part.

Orders reversed, etc.