In the Matter of SAM LUSTIG, for Himself and All Others Similarly Situated, Petitioner, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, July 29, 1949.

*Samuel Resnicoff* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Edward L. Ryan* of counsel), for respondents.

ELSWORTH, J. The petitioner, a resident of Kings County, is a disabled veteran of World War II and as such entitled to veteran's preference in civil service appointments and promotions under the State Constitution as amended, effective January 1, 1946.

In 1947, he took, and successfully passed, an open competitive examination for the position of State Veteran Counselor, Division of Veterans' Affairs. On or about March 1, 1948, a general list for the position was promulgated. Due to ensuing litigation, certification for permanent appointment was delayed until on or about March 17, 1949.

At that time certification was made on the basis of residence in a judicial district so that positions within any particular judicial district would be filled by residents of that district subject, however, to these two exceptions: (1) appointments in Albany County would be made from the State-wide list as required by section 14 of the Civil Service Law and (2) appointments in the borough of Manhattan would be made from the First, Second and Tenth Judicial Districts pursuant to ruling of the State Civil Service Commission made on February 19, 1949.

The petitioner was canvassed as to his availability for appointment from the general list in Albany County. He declined appointment because of the location of the position.

As a resident of Kings County he was certified for appointment both on the list for the Second Judicial District and on the list for the borough of Manhattan, First Judicial District. Upon being canvassed he expressed his availability for appointment. However, after being interviewed he was not selected and all appointments made from said lists went to other disabled veterans appearing thereon. The procedure itself followed in making such appointments from the lists in question does not appear to be here challenged as irregular. Any claim so asserted would be without merit in view of the determination made in *People ex rel. Burns* v. *Lyons* (266 App. Div. 1053).

The issue that the petitioner does raise by the present proceeding is this: that his constitutional right of preference as a disabled war veteran was violated by certifications and appointments being made to the said position of State Veteran Counselor on the basis of residence in judicial districts as above set forth rather than on a State-wide basis. The following of the judicial district method, it appears, has resulted in forty disabled veterans with ratings lower than the petitioner and fifty-four non-disabled veterans being appointed throughout the State to positions of State Veteran Counselor.

The constitutional and statutory provisions around which the controversy centers are section 6 of article V of the New York Constitution and subdivision 8 of section 14 of the Civil Service Law. The constitutional section as amended effective January 1, 1946, is set forth in full: " Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive; provided, however, that any member of the armed forces of the United States who served therein in time of war, who is a citizen and

resident of this state and was a resident at the time of his or her entrance into the armed forces of the United States and was honorably discharged or released under honorable circumstances from such service, and who was disabled therein to an extent certified by the United States veterans administration, and whose disability is certified by the United States veterans administration to be in existence at the time of his or her application for appointment or promotion, shall be entitled to preference and shall be appointed or promoted before any other appointments or promotions are made, without regard to his or her standing on any list from which such appointment or promotion may be made. Until December thirty-first, nineteen hundred fifty, but in no event for a period less than five years next following the honorable discharge or release under honorable circumstances of a member of the armed forces of the United States who served therein in time of war, who is a citizen and resident of this state and was a resident at the time of his or her entrance into the armed forces of the United States, he or she shall be entitled, after such disabled members of the armed forces shall have been first preferred, to similar preference in appointment and promotion. Upon the abolition or elimination of positions in the civil service, to which the foregoing preferences are applicable, any such member of the armed forces shall be entitled to preference in the retention of any position held by him or her, in inverse order of the preference as provided in this section. Laws shall be enacted to provide for the enforcement of this section.'' (N. Y. Const., art V, § 6.)

The pertinent portion of said Civil Service Law provision is as follows: '' Appointments to positions in the state service, the duties of which are confined to a locality outside of Albany county, shall, so far as practicable, be made from residents of the judicial district or districts including such locality.'' (Civil Service Law, § 14, subd. 8.)

Until veterans' preference in civil service appointments and promotions as provided for in the Constitution was extended to *disabled veterans* of World War I in 1925, it had been limited to soldiers and sailors of the Civil War. By the already referred to amendment of section 6 of article V of the Constitution (effective January 1, 1946) the preference was broadened to cover veterans of World Wars I and II, both *disabled* and *nondisabled*, the latter, however, for the limited time specified.

The above-quoted provision of the Civil Service Law (§ 14, subd. 8) was first enacted in 1899 (L. 1899, ch. 370, § 13). With the exception of the words '' or districts '' having been added in

1911 (L. 1911, ch. 547) its language has ever since remained the same.

Throughout the years — about fifty at the time the present proceeding was instituted — this provision of the Civil Service Law has been controlling in the administration of the State civil service. Adherence thereto by the commission in the instant situation, the petitioner contends, is in error because of the language of the amendment which provides (1) that a disabled veteran " shall be entitled to preference and shall be appointed or promoted before any other appointments or promotions are made " and (2) that a nondisabled veteran shall be entitled to a similar preference only " after such disabled members of the armed forces shall have been first preferred ".

The proposition presented for determination stated in another form is simply whether the above-quoted provision of the Civil Service Law remained in force and effect following the adoption of the amendment so as to control appointments thereunder.

In the history of the development of the State civil service it is no novelty for constitutional provisions relating thereto to have been framed and adopted with consideration being given to existing legislation. (See *People ex rel. McClelland* v. *Roberts,* 148 N. Y. 360; *Chittenden* v. *Wurster,* 152 N. Y. 345.) In both of these cases the consideration of existing laws given immediate practical operation to constitutional provisons was both recognized and approved. And even a mandate, such as we have here that laws shall be enacted to provide for enforcement, is not conflicting with a determination that adoption was with consideration of existing laws (*People ex rel. McClelland* v. *Roberts, supra,* p. 369).

The wisdom of appointment in civil service on a judicial district basis as provided for by the statute in question is not open to serious challenge when considered in the light of its use for so many years. Repeal or change it seems would long since have taken place if the practice had been found impractical or to work any injustice. It is inconceivable that the amendment under consideration was framed and adopted without a complete mindfulness of this long-established method of appointment under statutory sanction. With dispatch, the Legislature implemented the amendment's provisions by the enactment of section 21 of the Civil Service Law which became effective on April 5, 1946 (L. 1946, ch. 521). It is very significant that in so doing there was no accompanying legislative action specifically affecting said subdivision 8 of section 14 of the Civil Service Law. If in the drafting and adoption of the amendment and its implementing legisla-

tion it was intended to abrogate the time-honored practice of appointment by judicial districts in this instance of veterans, why is there a total absence of any direct word or expression indicative of such an intendment? No answer to that question favorable to this petitioner has been found.

Attention has been directed to an opinion of the Attorney-General passing upon the same fundamental proposition as here presented (1914 Atty. Gen. 154). He therein held that a Civil War veteran's rights under the then existing constitutional preference provision were not violated by appointment on a judicial district basis under the authority of subdivision 8 of section 14 of the Civil Service Law. These reasons, which prompted that conclusion, are quoted and adopted as being equally applicable here: " The Legislature, in the exercise of its judgment, undoubtedly enacted the provision in question to promote the efficiency and better administration of the civil service. The public interest in an administration of the civil service must be considered paramount, and the preference in appointment given to civil war veterans in the Constitution and the Civil Service Law subject thereto. The legislation in question is upon its face reasonable. It is a general provision applicable to the whole civil service and not in any way discriminatory of the rights accorded civil war veterans in the Constitution and Civil Service Law. Where, therefore, the Commission, in regard to a position, the duties of which are confined to a locality outside of Albany county determine in their administrative discretion that it is practicable to make appointments to such position from residents of the judicial district including such locality, such appointment may be constitutionally and legally made from the residents of such judicial district, and civil war veterans on such list residing in other judicial districts may be excluded." (P. 156.)

An apparent questioning by the petitioner of the propriety of the commission's ruling that appointments in the borough of Manhattan were to be made from the First, Second and Tenth Judicial Districts has been considered. If ground for complaint as to such ruling did in fact exist, it would seem not to be available to this petitioner who benefits thereby, but rather limited to an aggrieved resident of the First Judicial District.

No violation of the petitioner's legal or constitutional rights has been found in the premises. Accordingly, his application is denied and the proceeding dismissed, without costs.

Submit order.