In the Matter of JACK ALWEIS et al., Respondents, v. ROBERT F. WAGNER et al., Constituting the Board of Estimate of the City of New York, et al., Appellants.

Third Department, February 20, 1964.

Leo A. Larkin, Corporation Counsel (Alfred Weinstein, Seymour B. Quel and Irwin L. Herzog of counsel), for appellants.

Samuel Resnicoff and Paul Silverstein for respondents.

REYNOLDS, J. Appeal from an order of the Supreme Court, County of New York, in a proceeding pursuant to article 78 of the Civil Practice Act requiring the Board of Estimate of the City of New York to amend the city's budget for the fiscal year 1962–1963 to provide funds for petitioners' salaries in the amounts approved by the Board of Justices of the Supreme Court, Kings County.

Petitioners are court stenographers employed in the Supreme Court, Kings County. On January 31, 1962 the Board of Justices submitted its budget to the City of New York for the fiscal year beginning July 1, 1962. This budget called for salary increases of 20% and more for the petitioners. The city refused to incorporate the raises in its budget and the instant proceeding followed. The appellants first argue that the proposed salary increases were not validly promulgated. This contention is based on the fact that the salaries in dispute were approved only by the Supreme Court Justices residing in Kings County while section 315 of the Judiciary Law, under which the increases were mandated, required such salaries to be fixed by a majority of the Justices residing in the Second Judicial District, which includes both Kings and Richmond Counties. However, this argument was not raised before the court below, and of the Justices residing in the Second Judicial District, 15 resided in Kings County and only 1 or at the most 2 in Richmond. We, therefore, see no substance to this contention.

Appellants' second argument is that they, rather than the Board of Justices, had the authority to fix the stenographers' salaries during the fiscal year in question. It is not disputed that section 315 of the Judiciary Law gave the Board of Justices mandatory fiscal powers to set the salaries of the petitioners

(*Matter of Moskowitz* v. *La Guardia*, 183 Misc. 33, affd. 268 App. Div. 918, affd. 294 N. Y. 830) or that adoption of subdivision d of section 29 of article VI of the New York Constitution abolished such mandatory powers and returned the ultimate fiscal authority to the respective political entities responsible for supplying the funds. Appellants, however, argue that although the effective date of article VI and the statutory implementation thereto was not until September 1, 1962, two months after the beginning of the 1962–1963 fiscal year, the mandatory powers of the Board of Justices were terminated before the fiscal year began, and, in fact, even before the city adopted its budget on May 29, 1962. We find no reason advanced by appellants which would compel a different conclusion than that the constitutional amendment and its statutory implementation took effect as of their effective date, and thus that the mandatory fiscal powers of the Board of Justices subsisted to that date. Section 4 of chapter 684 of the Laws of 1962, which gave the Administrative Board of the Judicial Conference preliminary powers as of April 24, 1962 to prepare for the unified court system, has no bearing on the instant issue. The appellants alternatively urge that even if the mandatory fiscal powers subsisted till September 1, 1962, they could return petitioners' salaries to their old level on that date. However, subdivision *l* of section 35 of article VI of the Constitution and subdivision 1 of section 223 of the Judiciary Law evince, in our opinion, a clear legislative intent that the salaries of petitioners as set by the Board of Justices for the fiscal year 1962–1963 would not suffer diminution as a result of their enactment. The phrase '' to the extent practicable '' appearing in subdivision *l* of section 35 of article VI and relied on by the appellants refers to personnel affected by changes in certain types of courts and not to those, such as petitioners, whose positions underwent no basic change.

Appellants also urge that a subsequent reduction of petitioners' salaries by the Board of Justices sometime between October 18, 1962 and November 20, 1962 as a result of negotiations between the Administrative Board and the Budget Director of the City of New York indicates that the Board of Justices did not regard the original changes as final but merely tentative, and since the original changes were only tentative, the city was not bound by them. We agree with the court below that the record clearly indicates that the Board of Justices considered the original increase to be of a permanent nature. Appellants further contend that, in any event, the city is liable for salaries from October 18, 1962 to the end of the fiscal year

on the basis of the salary schedule promulgated on that date rather than the higher schedule originally established by the Board of Justices. In our opinion the reduction of petitioners' salaries in October, 1962 was illegal in view of the previously mentioned provisions of subdivision *l* of section 35 of article VI of the Constitution and subdivision 1 of section 223 of the Judiciary Law. Both provisions clearly and expressly preclude the diminution of salaries here attempted. We are mindful of the laudatory purposes and wide powers of the Administrative Board in the establishment of uniform standards in all facets of the judicial system (see 1960 Report of the Judicial Conference, p. 137 *et seq.*) but where as here the wording utilized is plain and unambiguous "We cannot go back of the language used or, in the guise of construction, rewrite the law to make it something different than its wording plainly indicates." (*Matter of Tormey* v. *La Guardia,* 278 N. Y. 450, 451.) We can find in the Administrative Board no power, inherent or otherwise, to undertake to lower petitioners' salaries in the face of the express provisions of the Constitution and the Judiciary Law to the contrary.

The order should be affirmed, with costs to respondents.

GIBSON, P. J., HERLIHY, TAYLOR and AULISI, JJ., concur.

Order affirmed, with costs to respondents.