Aaron E. Klein, J.
This "motion” for a judgment pursuant to CPLR article 78 presents a singularly confused situation but since it has been submitted to this court by petitioner, acting "pro se”, and further, because, whenever possible, in the opinion of this court, litigation should be brought to some meaningful conclusion, the court is disposed to deal with the matter on the merits.
The confusion is created because the petitioner herein, by prior proceedings instituted August 27, 1976 at Special Term, Part I of the Supreme Court, Albany County (Mr. Justice William R. Murray presiding), instituted a similar proceeding pursuant to CPLR article 78 questioning the constitutionality of subdivision 3 of section 60 of the Civil Service Law. The court dealt with that previous application to the extent of treating the proceeding as a request for a declaratory judgment, denying a motion made by the respondents for dismissal of the petition and authorizing their answer to the petition as CPLR 7804 (subd f) permitted. That court did not purport to render any ultimate decision on the merits.
We now have the self-same proceedings represented to this court without additional facts, the only new papers being the *695 answer of respondents verified January 31, 1977 and the notice of motion herein dated March 14, 1977.
To reach the merits of petitioner’s application, it becomes necessary to treat his motion as one for summary judgment in an action for declaratory judgment rather than the mere reinstitution of a CPLR article 78 proceeding.
The general liberality envisaged by CPLR with respect to form as contrasted with substance would appear to support such treatment.
The petitioner asks this court to declare subdivision 3 of section 60 of the Civil Service Law to be unconstitutional, and from such finding to enjoin the appointment of Chief Estate Tax Clerk or Head Estate Tax Clerk in the Surrogate’s Court of Kings County or to set aside the appointment of any persons made to those positions; to require the respondents to fill any vacancy in those positions as they may have existed on February 26, 1976 pursuant to section 71 of the Civil Service Law; to annul any determination of the Civil Service Commission (presumably of the State of New York) of petitioner’s ineligibility for appointment as Head Estate Tax Clerk of the Surrogate’s Court of Kings County; to declare that under the facts and circumstances presented it was not "practicable” to "certify * * * residents of the county” before noncounty residents to such positions; to declare that the action of respondents in the circumstances was arbitrary and capricious, and/ or to hold that respondents are estopped from making the appointment to such position pursuant to subdivision 3 of section 60 of the Civil Service Law, and for other relief as the court may see fit. There are no facts beyond those given which have been furnished to this court in the papers now before us. However, the notice of examination, which is appended to the original papers states that "first consideration in appointment will be given to residents of the county in which a vacancy occurs, after which appointments will be made from the general list.”
Needless to say, any constitutional challenge to a State enactment requires a clear showing of an infringement of constitutional guarantees. The papers before this court are entirely bereft of any factual showing which even remotely approaches that requirement.
The Court of Appeals of this State has given a concise formula which surrounds the question of constitutionality in *696 Matter of Malpica-Orsini (36 NY2d 568, 570), which sets forth the criteria as follows:
"We approach the constitutional testing of this statute with certain well-established principles in mind: that a legislative enactment carries with it an exceedingly strong presumption of constitutionality; that, while this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt; that every intendment is in favor of the statute’s validity; that the party alleging unconstitutionality has a heavy burden; and that only as a last resort will courts strike down legislative enactments on the ground of unconstitutionality. Nor may courts substitute their judgment for that of the Legislature as to the wisdom and expediency of the legislation.
"There is a further presumption that the Legislature has investigated and found facts necessary to support the legislation (I. L. F. Y. Co. v Temporary State Housing Rent Comm., 10 NY2d 263, 269), as well as the existence of a situation showing or indicating its need or desirability (Matter of Van Berkel v Power, 16 NY2d 37, 40). Thus, if any state of facts, known or to be assumed, justify the law, the court’s power of inquiry ends (Matter of Spielvogel v Ford, 1 NY2d 558, 562, app dsmd 352 US 957).
"Under the doctrine of separation of powers, courts may not legislate (Bright Homes v Wright, 8 NY2d 157, 162; Matter of Metropolitan Life Ins. Co. v Boland, 281 NY 357, 361), or rewrite (Matter of Chase Nat. Bank v Guardian Realities, 283 NY 350, 360; Matter of Tormey v LaGuardia, 278 NY 450, 451), or extend legislation (People ex rel. Newman v Foster, 297 NY 27, 31; Matter of Hogan v Supreme Ct., 281 NY 572, 576).”
Testing the instant case against that formula we find that subdivision 3 of section 60 of the Civil Service Law carries the strong presumption of constitutionality and while that presumption is, of course, rebuttable, nothing has been presented to this court which would rebut such presumption.
As to the further presumption, that every legislative enactment carries with it the assumption that the Legislature had good and sufficient reason for enactment of the legislation, its need and desirability, nothing here presented is offered in refutation of that presumption.
Furthermore, in a somewhat analogous situation to this case, the Appellate Division, Third Department, in Matter of Uhlmann v Conway (277 App Div 478), upheld former subdivi *697 sion a of section 14 of the Civil Service Law which was much like the present subdivision 3 of section 60 of such law, as nonviolative of the Constitution, and more particularly of section 6 of article V of the New York State Constitution. In a Special Term decision in Albany County, Matter of Lustig v Conway (195 Misc 889), a like holding was made as in Uhlmann (supra).
A further guideline with respect to constitutionality based upon due process or equal protection of the law is furnished by the recent decision of the Supreme Court of the United States in McCarthy v Philadelphia Civ. Serv. Comm. (424 US 645), in which case it was pointed out that the test in cases of statutes or ordinances imposing residence limitations is one of rationality. Nothing has been shown in this case to question the rationality of the statute in question.
Under CPLR 3212 (subd [b]), this court is empowered to grant summary judgment to any party other than the moving party if it appears that such action is appropriate.
Accordingly, petitioner/plaintiffs motion is denied and pursuant to CPLR 3212 (subd [b]) summary judgment is granted in favor of the respondents, dismissing the petition/ complaint herein on the merits.