In the Matter of METROPOLITAN LIFE INSURANCE COMPANY, Appellant, against JOHN P. BOLAND et al., Constituting the New York State Labor Relations Board, et al., Respondents.

GRACE A. REAVY et al., Constituting the Civil Service Commission of the State of New York, Interveners, Respondents.

Argued October 2, 1939; decided November 14, 1939.

*Samuel Seabury* for appellant.

*John J. Bennett, Jr., Attorney-General (Henry Epstein* of counsel), and *Ralph T. Seward, Eugene Cotton, Bernard Jaffe* and *David Scribner* for respondents.

*Per Curiam.* For the purpose of conducting a hearing on a charge of violation by appellant of the provisions of the New York State Labor Relations Act (L. 1937, ch. 443), the Labor Relations Board appointed a trial examiner upon

his certification by the Civil Service Commission after exemption from competitive examination under the provisions of section 15 of the Civil Service Law (Cons. Laws, ch. 7) and section 9 of rule VIII of the Rules for the Classified Civil Service. It was assumed by the Board and by the Civil Service Commission that the appointment was to be made in accordance with and by the authority of the Civil Service Law and the rules and regulations of the Commission.

Appellant appeared specially and objected to proceeding before the appointee on the ground that his appointment was illegal and not made in accordance with the provisions of the Labor Relations Act. Upon the objection being overruled, appellant brought this proceeding under article 78 of the Civil Practice Act to vacate and set aside the order of the Board appointing and designating the examiner to conduct the hearing, to restrain the appointee from conducting the hearing and the Board from conducting the hearing before any person other than a member of the Board or a person appointed by the Board from an eligible list promulgated by the Civil Service Commission as a result of competitive examination held pursuant to the Civil Service Law and rules as required by section 702, subdivision 5, of the Labor Law (Cons. Laws, ch. 31). Appellant was defeated at Special Term as matter of law and not in the exercise of discretion and orders upon its decision were affirmed by the Appellate Division by a divided court. Pending final decision, hearings before the appointee have been stayed.

Trial examiners are to be appointed by the Board (Labor Law, § 702, subd. 4) " from eligible lists to be promulgated by the civil service commission as the result of competitive examinations held pursuant to the civil service law and rules and on the basis of training, practical experience, education and character, provided, however, that special consideration and due weight shall be given to the practical training and experience which a person may have for the particular position involved regardless of academic training. Promotions, suspensions, and removals of persons appointed

from such lists shall be in accordance with the provisions of the civil service law " (§ 702, subd. 5).

The wording of the section is unambiguous and shows the purpose and intent of the Legislature to permit the Board to appoint a trial examiner only from a list promulgated by the Civil Service commission after and as a result of competitive examination. Such a construction is reinforced by the fact that the statute exempts the executive secretary and attorneys for the Board and that a distinction is made between the appointment of an examiner and promotions, suspensions and removals of persons appointed from such lists. The Legislature states that appointments of examiners must be made from lists made up through competitive examinations but that promotions, suspensions and removals " shall be in accordance with the provisions of the civil service law." It is further confirmed by the fact that the language used in the Labor Relations Act differs in words, substance and meaning from that used by the Legislature in statutes authorizing appointments by other administrative agencies (Cf. Correction Law [Cons. Laws, ch. 43], §§ 8, 14, 16, 18, 273, 334, 377, 432; Public Health Law [Cons. Laws, ch. 45], §§ 342-a, 364; State Charities Law [Cons. Laws, ch. 55], § 54; Alcoholic Beverage Control Law [Cons. Laws, ch. 3-B], § 15; Mental Hygiene Law [Cons. Laws, ch. 27], §§ 33, 200-a; Executive Law [Cons. Laws, ch. 18], §§ 117, 131; Workmen's Compensation Law [Cons. Laws, ch. 67], § 88; Public Housing Law [Cons. Laws, ch. 44-a], § 32; Labor Law, § 518 [6-a]). Appointments, under these statutes, are respectively to be in or from " the competitive class of the civil service," " subject to civil service rules," " subject to the civil service law," " subject to the civil service requirements," " subject to the provisions of the civil service law," or " subject to the regulations of the civil service," meaning thereby that the Civil Service Law and the rules of the Commission are to be resorted to in certifying persons to those agencies for appointment. Under such circumstances, the Civil Service Commission is free to classify the position as exempt, competi-

tive, non-competitive or labor (Civil Service Law, § 12) or dispense with an examination (§ 15). Here, the Legislature has expressly said that the appointment can be made only "from eligible lists to be promulgated by the civil service commission *as the result of competitive examinations.*" In substance, and to all intents and purposes, the Legislature said that appointees to the position of examiner could not be exempted from competitive examination by the Civil Service Commission and that the Commission should be barred from classifying the position as exempt from competitive examination. The Legislature had the power to classify, within constitutional limitations, as it desired (*Matter of Andreson* v. *Rice*, 277 N. Y. 271, 276). Had the Legislature intended otherwise, it is reasonable to suppose that it would have used language similar to that used in other statutes authorizing certifications for appointment generally in accordance with the Civil Service Law.

We are not privileged, by judicial construction, to legislate. If a change in the wording of the provision is desired, it must be made by the Legislature.

The orders appealed from should be reversed and the motion granted with costs in all courts.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Orders reversed, etc.