The People of the State of New York ex rel. Near East Foundation, Relator, against William E. Boyland et al., Constituting the Tax Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, July 2, 1951.

*Eugene Blanc, Jr.,* for relator.

*John P. McGrath, Corporation Counsel (Raymond J. Hernandez* of counsel), for respondents.

Schreiber, J. This is a proceeding to exempt the relator's property from New York City real estate taxes upon the ground that it qualifies for such exemption under section 3 and subdivision 6 (formerly subd. 7) of section 4 of the Tax Law (derived from L. 1896, ch. 908, §§ 3, 4) the pertinent provisions of which are as follows:

" § 3. *Property liable to taxation.*

" All real property within this state is taxable unless exempt from taxation by law."

" § 4. *Exemption from taxation.*

" The following property shall be exempt from taxation:
\* \* \* 6. The real property of a corporation or association organized exclusively for the moral or mental improvement of men and women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, public playground, scientific, literary, bar association, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes ".

The evidence adduced proves overwhelmingly that relator's certificate of incorporation and all of its activities bring it squarely within the purview of the statutory exemption. The city's taxing authorities oppose. In essence their claim is this: that since the beneficiaries of this nonprofit membership corporation are for the most part nonresidents of the State of New York and since the activities are not conducted wholly within the State of New York, the relator is not exempt.

The only New York case cited by the respondents, apart from cases involving profits or nonpermissible purposes, is *Matter of Prime* (136 N. Y. 347). That case was distinguished and discarded in two recent and well-considered opinions (*People ex rel. Doctors Hosp.* v. *Sexton,* 267 App. Div. 736, affd. without opinion 295 N. Y. 553, and *Williams Inst. Colored M. E. Church* v. *City of N. Y.,* 275 App. Div. 311).

In the *Doctors Hospital* case the relator was admittedly a hospital and claimed exemption upon the ground that the above-quoted tax law exempted hospitals. The tax authorities claimed that the word " hospital " had a special meaning under the exempting statute; that it embraced only those hospitals which rendered medical aid without charge to the needy (as had been provided in an earlier 1889 statute [L. 1889, ch. 95]) and that the amount of the charitable work done by relator was not a *quid pro quo* for the amount of taxes to be exempted. Special Term sustained the respondents. The Appellate Division unanimously reversed. At page 740 *et seq.,* Cohn, J. said: " Though respondents do not deny that relator was organized and maintained as a hospital during the years in question, they contend that free service to the poor must be shown before it is entitled to statutory exemption. The statute makes no such requirement. The term ' hospital ' in the law quoted is employed therein without any limitation whatever. If it were the intention of the Legislature to require hospitals to furnish free service to the needy as a condition precedent to tax exemption, appropriate language to that effect could readily have been employed. ' We are not privileged, by judicial construction, to legislate. If a change in the wording of the provision is desired, it must be made by the Legislature.' (*Matter of Metropolitan Life Ins. Co.* v. *Boland,* 281 N. Y. 357, 361.) * * * The determination of the Special Term suggests that tax exemption may be granted only upon a *quid pro quo* basis, that is, that the grant of exemption must have some relation to the amount of free charitable work rendered. If this were the rule, the city's administrative officials would have the discretionary power of determining

whether tax exemption should or should not be granted. The public policy of the State requiring tax exemption to be determined by law (Tax Law, § 3) would then be meaningless. No such power was given to respondents by the Legislature and indeed article XVI, section 1 (adopted in 1938) of the Constitution of the State of New York, is an express mandate against any rule of discretion or rule of reason that has been here suggested. It is provided therein that ' Exemptions from taxation may be granted only by general laws '. The principle that exemptions from taxation are to be strictly construed is invoked by respondents. However, where, as here, the rule of strict construction would thwart the very command of the statute, such a rule would obviously have no application. (*Assn. for Colored Orphans* v. *Mayor, etc.,* 104 N. Y. 581; *St. Barbara's R. C. Church* v. *City of New York,* 243 App. Div. 371, 373; Cooley, The Law of Taxation, 4th ed. § 674, p. 1416.) ' The higher public policy of encouraging contributions for public purposes controls and supersedes the policy of strict construction.' (1 Paul, Federal Estate and Gift Taxation [1942], pp. 647–648.) ''

In *Williams Inst. Colored M. E. Church* v. *City of N. Y.* (275 App. Div. 311, *supra*) the city again attempted to read into the Tax Law a limitation to the effect that the words '' religious corporation or association '' meant only domestic corporations. Special Term upheld the city. The Appellate Division unanimously reversed. At page 313 *et seq.,* DORE, J. said:

'' Accordingly, under the Tax Law taxable real property is expressly limited to nonexempt property and, for exemption, the statute sets down only two tests: (1) incorporation for one or more of the purposes listed in the act including ' religious * * * purposes '; and (2) use of the property ' exclusively for carrying out thereupon * * * such purposes '. The words ' a corporation or association ', in the act, are used without any qualifying phrase or limitation whatever except exclusive organization for the specified purposes (here religious) and the exclusive use of the property for such purposes. In the present case it is conceded that legal title was always in a corporation organized exclusively for religious purposes and the property was exclusively so used. The statute by its terms draws no distinction between foreign and domestic corporations. It is the *use* of the premises, the carrying out of the exempt purposes that is the basic test.

'' Defendant, however, and the Special Term, insert a qualifying and limiting term, not inserted by the Legislature, so

that the statute is changed from reading as it does, ' a corporation or association ' to ' a [domestic] corporation '. We think there is no warrant for thus materially changing and restricting the clear and unambiguous terms of the law.

" The Tax Law provides a general exemption for classes of institutions which perform one or more of the services which by the settled public policy of the State of New York, since the time of its inception, are of such importance as to require or justify exemption by general law. This public policy, which is found not merely in the State of New York but generally through the United States, has existed from the inception of our government. To exempt such property from taxation is ' scarcely less the duty than the privilege of the enlightened legislator ' (Cooley on Taxation, § 274; *People ex rel. Seminary* v. *Barber*, 42 Hun 27, affd. 106 N. Y. 669; *Matter of Huntington*, 168 N. Y. 399). In practically all cases dealing with exemptions and by the decisions here controlling the courts have granted or denied exemption by applying express provisions of the statute to the facts as found (*People ex rel. Church of St. Mary* v. *Feitner*, 168 N. Y. 494). For a scholarly review of the public policy involved, the relevant statutes and court decisions, see also ' Charitable Exemption from Taxation in New York State on Real and Personal Property ' by John Godfrey Saxe (Lincoln Engraving and Printing Corp., New York, 1933).

" The cases which apparently guided Special Term to its reluctantly reached decision were not cases arising exclusively under the Tax Law relating to exemption of certain property from taxation, but were chiefly cases arising under entirely different laws, the prime purpose of which was to limit corporate powers of certain corporations organized for other than business purposes (*Matter of Prime*, 136 N. Y. 347; *Matter of Balleis*, 144 N. Y. 132)."

The above cases show conclusively the modern trend of thought. They indicate that the taxing authorities are not permitted to read into the statute exempting a nonprofit " charitable corporation " their version of who are to be the objects of its bounty or where its bounty is to be dispensed. If the corporation owns the New York real estate and uses the premises exclusively for its charitable work the requirement of the statute has been met. In this changing world we are realizing more and more that charity is not provincial and that we help ourselves directly and indirectly by helping mankind everywhere. Nonresidents are our yesterday's and tomorrow's immigrants and our yesterday's and tomorrow's allies * * * It is per-

haps needless to comment that when our statute expressly exempted corporations engaged in '' missionary purposes '' the legislators did not mean to constrict the missionary activities to New York State. The effect of such a narrow view upon our privately supported religious missionary societies of all denominations or upon such worldwide organizations as the Red Cross would be catastrophic, as well as heartless. Thousands of citizens of our State today owe their lives and their economy to medical and scientific experiments conducted by charitable men and organizations operating in every corner of our globe. Typhus and malaria killed thousands of our citizens until brave men died in finding the answer abroad. Charity knows no boundaries or classes. It would not be true charity if it did.

The petition is sustained and the respondents' affirmative defense is stricken. Settle order on one day's notice.