Samuel 0. Coleman, J.
The action is by a seaman to recover wages and an additional sum for their withholding — a “ marine cause.” (1ST. Y. City Ct. Act, § 17.) It was commenced by the service of a summons, and an “ oral complaint” — which states the plaintiff’s claim in bare skeleton outline. The defendant appeared, demanded “ a copy of the complaint ” and now moves to dismiss the action on the ground that the plaintiff is in default in serving “ a complaint.” If an “ oral pleading ” suffices, there is no default. The plaintiff contends that an *535 ‘ oral complaint ’ ’ will do and points to rule XXIII of the City Court Rules which reads in part: “ Marine causes shall be commenced (under the City Court Act) by summons, and if the plaintiff applies for an order of arrest to accompany the summons it shall be in the form and to the effect as required by section 38 of the New York City Court Act. The pleadings may be oral or in writing.” The plaintiff says that he has proceeded in accordance with the rule and that he need not file a formal complaint. But no rule of court can repeal or amend a statute, and what the plaintiff asks us to say is that in adopting the rule we have done just that.
Article Y of the New York City Court Act makes special provision for certain marine causes. It provides (§ 37) that in a few classes of cases, assault for example, a seaman may apply for an order of arrest. If .the order is granted the proceedings thereafter are very summary indeed, in the interest of plaintiff and defendant. In such a case ‘ ‘ the proceedings * * * must be conducted as prescribed in this article.” (§37.) “ The pleadings may be oral or written” (§ 45), and there must be a speedy trial (§ 46). But a suit for wages is not a case in which an order of arrest may be granted, and there are no statutory provisions taking such a case out of those that are to be commenced in the normal way, and no authority in the court to make special rules for commencing such an action. The power to make rules contained in section 37 relates only to the classes of cases enumerated in that section. And even as to those cases a plaintiff may proceed in the ordinary manner (§§ 37, 47). The action here was commenced in the “ ordinary manner,” as it had to be, by reference to the general provisions of the Civil Practice Act relating to the commencement of an action, not by reference to the provisions of the New Yo^k City Court Act.
Against this background the application of rule XXTTT becomes plain. Notwithstanding decisions to the contrary, where the question seems to have been decided largely on the basis of a right to a preference, our rule refers only to marine causes commenced by an order of arrest ‘ ‘ under the City Court Act,” that is to say, only to such classes of cases specified in section 37 of the act and in the manner prescribed by article Y. If the rule means more than this it changes both the act and the Civil Practice Act; — and this, as I have said, we cannot do. The plaintiff is required to serve a formal complaint. He failed to do so and he is in default. He is, however, relieved of his default and may serve a complaint within 10 days of the publication of this memorandum.