Morrie Slifkin, J.
In a proceeding to declare the forfeiture of a motor vehicle allegedly used in violation of subdivision 1 of section 3353 of the Public Health Law, defendants move for leave to reargue.
The motion is granted. Upon reargument, the court recalls its decision dated July 1, 1971.
Defendant Florus has moved to dismiss the forfeiture proceeding on two grounds, both involving a determination of law. It is urged that the District Attorney of the County of Orange did not timely institute this proceeding and is therefore barred. The limitation of time is expressed in subdivision 4 of section 3353 of the Public Health Law. As that section pertains to the case at bar, it reads: “It shall be the duty of the district attorney of the county wherein the seizure is made * * * to inquire into the facts of the seizure so reported to him and if it appears probable that a forfeiture has been incurred by reason of a violation of this section, for the determination of which the institution of proceedings in the supreme court is necessary, to cause the proper proceedings to he commenced and prosecuted, *810 at any time after thirty days from the date of seizure, to declare such forfeiture, unless * * * such district attorney * * * decides that such proceedings can not probably be sustained * * * in which case, the district attorney * # * shall cause such seized property to be returned to the owner thereof. ’ ’ (Emphasis added.)
The subject vehicle was seized by a State police officer on September 7,1970 after his search thereof revealed the presence of a quantity of marijuana. Counsel contends that forfeiture proceeding's must have been commenced within 30 days of the date of seizure in accord with the statute. Since such proceedings were not commenced until March 5, 1971, more than 30 days having elapsed since the seizure, the defendant urges dismissal of this proceeding.
Defendant seeks to imply an ambiguity and then require an interpretation of an unambiguous phrase in the statute. A cardinal rule of construction and interpretation directs that courts may not legislate under the guise of interpreting statutes (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 73; Bright Homes v. Wright, 8 N Y 2d 157). This caveat extends to and embraces the changing, amending or repealing a statute (Matter of Metropolitan Life Ins. Co. v. Boland, 281 N. Y. 357; Vulcan Rail (& Constr. Co. v. County of Westchester, 250 App. Div. 212; Dooley v. Moore-McCormack Lines, 16 Misc 2d 534).
It has specifically been held that any changes in the wording of a statute must be made by the Legislature, not the court (Knolls Co-op. Section No. 1 v. Hennessy, 1 Misc 2d 1001, app. dsmd. 1 A D 2d 872, affd. 1 A D 2d 945, affd. 2 N Y 2d 514).
The statute provides that the District Attorney shall cause the proper proceedings to be commenced ‘ ‘ at any time after thirty days from the date of seizure. ’ ’ The quoted words, used in the statute, should be given their plain, commonly accepted meanings without an artificial attempt at limitation or expansion (Cahen v. Boyland, 1 N Y 2d 8), for it remains equally plain, had the Legislature intended the meaning suggested by defendant, different wording would be required.
The legislative intent is, to repeat, determined first from the language employed in the statute, considering it “ in its most natural and obvious sense ” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 232; People v. Bart’s Rest. Corp., 42 Misc 2d 1093).
It is thus patent when the statute says proceedings are. to be commenced after the expiration of a time certain, that time must fully expire before the proceedings are instituted (Marvin v. Marvin, 75 N. Y. 240, 242; Fish Discount Corp. v. Brooklyn *811 Taxicab Trans. Co., 270 App. Div. 491). Any other construction of the statutory words would plainly change its meaning, indeed, pervert its stated object. No rule of construction gives the court discretion to declare the intent of the law where the words used in the law admit of no doubt as to that intention (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 76).
Defendant further submits that the statute, read as this court believes it should be, means after the expiration of 30 days, the District Attorney “could take an eternity” before instituting these proceedings.
While there may he no limitation imposed upon the prosecuting officer by the terms of section 3353 of the Public Health Law, the court need not pass upon this point in the present matter. It is enough to observe the principle that 1 ‘ no matter what disastrous consequences may result from following the expressed intent of the Legislature, the Judiciary cannot avoid its duty. ’ ’ (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, ’§ 73; italics supplied).
The first point raised by defendant therefore fails.
Defendant’s second point raises a significant substantive issue. On January 26,1971, the Orange County Court granted a motion to suppress the evidence seized upon determining the search therefor illegal and ordered the indictment dismissed. Thereafter, on March 22,1971, the Justice Court of the Town of Monroe vacated and dismissed all related charges, pleas and sentences and ordered remission of the fines paid. As a consequence, defendant urges there was no longer any basis for the maintenance of this forfeiture proceeding.
The court is constrained to agree with this position. It is the law that evidence wrongfully obtained by a public official is not admissible in a civil proceeding (Incorporated Vil. of Laurel Hollow v. Laverne Originals, 17 N Y 2d 900; Chmielewski v. Rosetti, 59 Misc 2d 335 [App. Term., 2d Dept.]; see, also, People v. Horman, 29 A D 2d 569 [2d Dept.], affd. 22 N Y 2d 378; and see, One 1958 Plymouth Sedan v. Pennsylvania, 380 U. S. 693 where the exclusion was applied in a forfeiture proceeding) .
Section 3353 of the Public Health Law imposes a duty on the appropriate prosecuting officer to commence proceedings where said officer has reason to believe the forfeiture ‘1 has been incurred by reason of a violation of this section” (subd. 4). It further requires the return of seized property in those cases where, as at bar, the proceeding “ can not probably he sustained ’ ’.
*812 The evidence needed to support the People’s burden of proving any violation of section 3353 is that which has been previously suppressed. It may not be resurrected pro hac vice.
The District Attorney must therefore ‘ ‘ cause such seized property to be returned to the owner thereof” (Public Health Law, § 3353, subd. 4).
Defendant’s difficulty resides in her establishing proof of ownership. She claims to have acquired title to the vehicle by purchase from one John Andrews who delivered the vehicle and a Texas title certificate to her in the State of Maine. Her affidavit does not disclose the purchase price nor does it allege facts from which the court may infer a bona fide bargain and sale.
This assumes great import at this juncture because the District Attorney' has challenged defendant’s title to the motor vehicle based on a report to him from the Criminal Investigation Division of the Texas Police Department at Austin, Texas. The report discloses that the name John Andrews is fictitious.
Obviously, the court cannot determine who owns the vehicle on motion papers alone. The presumption of title flowing from possession — strenuously urged by defendant — is not conclusive. As generally stated by the authorities, the presumption is “ easily rebutted and it affords no protection to one who purchases property or otherwise obtains it from one who is not the real owner (Jones, Evidence, § 75 [3d ed.]; Richardson, Evidence, § 74 [9th ed., Prince]). Moreover, while it is true that a 1 ‘ wrongdoer ’ ’ may not be heard to inquire into the nature of the possessor’s title (Casner and Leach, Cases on the Law of Property, 81 [1951 ed.]) it need hardly be emphasized that a public officer acting in a good faith effort to carry out his public trust is not and cannot be labeled a ‘1 wrongdoer ’ ’.
Accordingly, defendant is left to such appropriate remedies as she may be advised to undertake to establish her ownership and regain possession of the subject property.