Benjamin Altman, J.
The defendant has made an application for release pursuant to CPL 180.80. The defendant has been charged with kidnapping in the first degree (Penal Law, § 135.25).
The arraignment took place on Friday, August 6, 1976. Bail was fixed and the defendant could not raise it. Counsel thereupon moved to have the next adjourned date on Monday, August 9, 1976 and further moved that if the People were not ready to proceed that the defendant should be released pursuant to CPL 180.80. In support of defendant’s motion, counsel pointed out that 72 hours will have run by Monday and if the People were not ready then the defendant should be released on his own recognizance.
The People opposed the motion and asked for Wednesday, August 11, 1976 indicating that two noncourt (business) days intervened between Friday and Monday and so 72 hours will not have run until the People’s suggested adjourned date, August 11. The court pointed out that the practice followed in the New York City Criminal Court had been and has been to read the 72-hour requirement as three business days.
The defendant conceded that this was the practice, but that such practice subverted and violated the law and countermanded the intent of the Legislature.
The relevant part of CPL 180.80 states: "Upon application of a defendant against whom a felony complaint has been filed with a local criminal court, and who, either at the time of arraignment thereon or subsequent thereto, has been committed to the custody of the sheriff pending disposition of such felony complaint, and. who has been conñned in such custody for a period of more than seventy-two hours without either a disposition of the felony complaint or commencement of a *715 hearing thereon, the local criminal court must release him on his own recognizance”. (Emphasis added.)
This court tends to support defendant’s views on the question of 72 hours vis-á-vis three court (business) days.
I think it would be appropriate to examine the background of the legislation in both CPL 180.80 and CPL 180.60. The latter prescribes the ground rules for the hearing on a felony complaint.
As a member of the Temporary State Commission on Revision of the Penal Law and Criminal Code, I recall several meetings of the commission where the instant sections of the CPL, as well as others, were discussed. In sum and within the frailty of man’s memory, my recollection is as follows:
1. General agreement that a detained defendant should have a preliminary felony hearing as soon as possible;
2. General agreement that after defendant had been incarcerated for 72 hours and had not been afforded a felony hearing, he should be released on his own recognizance;
3. General agreement that the People need not prove a prima facie case at the felony hearing but need prove only (merely) reasonable cause to believe that the defendant committed the crime charged;
4. Hearsay testimony could be used.
Law enforcement officials felt that the 72-hour rule was "unduly restrictive”, as pointed out by Judge Denzer in his commentary to CPL 180.80. But with the use of hearsay testimony and the mere establishment of reasonable cause, prosecution objections were neutralized, i.e., if hearsay evidence was permitted, a patrolman’s testimony as to a complainant’s statement would be permitted. From the defendant’s view, because of the inadequacies of the old section 190 of the Code of Criminal Procedure, despite the use of hearsay, the 72-hour rule gave a precise standard for the courts to follow in respect to detained defendants.
As a result of the general agreement reached by the commission members, not until after considerable discussion, I should hasten to add, the proposed CPL was submitted to the Legislature in 1969. Subdivision 8 of section 180.60 of that proposed statute reads as follows: "8. Upon such a hearing, evidence tending to demonstrate reasonable cause to believe that the defendant committed a felony is admissible even though it consists of hearsay. ” (Emphasis supplied.)
*716 After studying the proposed CPL bill, including section 180.60 and 180.80 as submitted, the legislative leadership rejected the use of hearsay and amended subdivision 8 so that it read: "Upon such a hearing, only non-hearsay evidence is admissible” (Emphasis supplied). (See Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, p 74.)
This change was basically the only substantive one made. Everything else agreed upon by the commission was left virtually intact. Parenthetically, the "72 hours” was never equated with three court (business) days. A close examination of CPL 170.70, involving hearings in misdemeanor complaints, shows that the intent was "days” and not "hours.” CPL 170.70 also excludes Sundays, which points up that if the Legislature wanted to exclude any noncourt days in CPL 180.80, it could have merely followed the language of CPL 170.70.
It is against this backdrop that the courts have been operating and interpreting CPL 180.80. This court finds that the statute does not equate "72 hours” with "three court days.” As, a former member of the State Legislature, I must state that I feel that CPL 180.80 does not represent the real intention of the commission, nor of the Legislature, and as a result the said statute is generally observed in the breach.
Generally, where words of a statute are free from ambiguity and express plainly, clearly, and distinctly the legislative intent, resort should not be had to other interpretation. It is true that some statutes are framed in language so plain that an attempt to construe them is superfluous (McKinney’s Cons Laws of NY, Book 1, Statutes).
The function of the criminal court system is to enforce statutes, be they procedural or penal in nature. The function is not to usurp the power of the Legislature. To subject a statute to interpretation where no such need exists, or to conjecture about or add to or subtract from a statute having a definite meaning, or to engraft exceptions where none exist are transgressions by the court upon the legislative domain (see City of Buffalo v Lawley, 6 AD2d 66; People v Florus, 67 Misc 2d 809).
The general concept to be followed, then, is that if the legislative intent is clear, no attempt at construction should or will be made (see Mount v Mitchell, 31 NY 356; People v Florus, supra).
It seems incongruous, therefore, for the court system to *717 have interpreted a strict "72-hour” time limit into a "three business day” rule, in effect stretching "72 hours” to five days in some instances.
Therefore, while I do not presume to make any recommendations to my former colleagues in the State Legislature, I do, however, respectfully suggest a re-examination of the pertinent sections hereinbefore discussed.
In the instant matter before the court, the motion is denied as being premature with leave to counsel to renew on the adjourned date.