[No. 52333-9. En Banc. September 11, 1986.]

ROBERT D. FROST, *Appellant,* v. THE CITY OF WALLA WALLA, *Respondent.*

*William D. McCool,* for appellant.

*Thomas K. Baffney* and *Reese, Baffney, Schrag & Siegel, P.S.,* for respondent.

DORE, J.—On February 14, 1982, Robert Frost was driving in the city of Walla Walla. Two Walla Walla police officers suspected Frost of driving while intoxicated and driving while his license was suspended. The officers pulled Frost over on the side of a street on which parking was prohibited, arrested him and gave him the choice of having his car impounded or having the police move it to the other

side of the street. Frost chose the latter.

After the police officers moved the car and parked it legally two blocks away, they discovered a paper bag containing 4 ounces of marijuana, a gun and a knife. The search was made without a warrant, because 1 month earlier an informant had told the police Frost was a drug dealer. The police later obtained a warrant, impounded the vehicle, and brought an action to obtain forfeiture of the car pursuant to RCW 69.50.505 *et seq.* Criminal charges for unlawful possession of controlled substances were also filed.

In the criminal case, the trial judge suppressed the drugs found in Frost's car, believing the search did not fall within the warrantless search exceptions under the Fourth Amendment. Accordingly, the criminal charges relating to the possession of drugs were dropped. These decisions by the trial court are not before us.

A hearing was held pursuant to RCW 69.50.505 to determine whether Frost's car should be forfeited. The trial judge again suppressed the evidence of drugs and consequently, because there was no evidence to justify the forfeiture of Frost's vehicle, the judge ordered the police to return Frost's car to him. The police did not challenge this order and returned his car within a few hours. Frost, however, in a separate replevin action, has sued the City of Walla Walla for damages for the seizure and improper impoundment of his vehicle. Frost further asserts that pursuant to RCW 69.50.505(e), he should receive reasonable attorney fees.

The trial judge denied his claim for damages and awarded Frost only statutory attorney fees and costs of $219.92. Frost appealed to the Court of Appeals, which certified the case to us. The City of Walla Walla has not cross–appealed, but claims that RCW 69.50.506(c) insulates the City and the officers from liability.

ANALYSIS

Detective Ron Gilbreath seized Frost's vehicle on February 14, 1982, pursuant to former RCW 69.50.505(a)(4). This

statute, which is part of the Uniform Controlled Substances Act, subjects to forfeiture:

All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport . . . for the purpose of sale or receipt of [controlled substances].

The evidence which Detective Gilbreath had that indicated that Frost had transported for sale controlled substances in his car was obtained by an illegal search of Frost's car after his arrest for driving while under the influence. The City admits that the search was improper and as a result this issue is not before this court. The trial court, therefore, properly suppressed the evidence of the search in both the criminal and forfeiture proceedings. *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 696, 14 L. Ed. 2d 170, 85 S. Ct. 1246 (1965); *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 448 (9th Cir. 1983); *United States v. One 1979 Mercury Cougar XR–7,* 666 F.2d 228, 230 (5th Cir. 1982).

Although Frost's car was returned by the police, he nevertheless maintains he is entitled to damages for the loss of use of his car and reasonable attorney fees for the costs of the suit. The trial court denied his claim for damages, based upon RCW 69.50.506(c), which states: "No liability is imposed by this chapter upon any authorized state, county or municipal officer, engaged in the lawful performance of his duties." Frost contends, however, that this immunity should only apply to the police officers, and would not immunize the City of Walla Walla from liability under the doctrine of respondeat superior.

Frost can find support for this argument in the Court of Appeals decision of *Spencer v. King Cy.,* 39 Wn. App. 201, 692 P.2d 874 (1984). In *Spencer,* the Court of Appeals reversed a summary judgment verdict, in favor of King County, arising after one of the County's mental health officials allegedly improperly arrested and confined a suspected mental patient. The mental health official who allegedly behaved tortiously when ordering such confinement was insulated from liability pursuant to RCW 71.05-

.120. This statute states that peace officers and public officials who arrest and confine individuals for mental health reasons are not liable either civilly or criminally for their actions. The Court of Appeals read the statute very narrowly, and believed it only applied to officials and did not grant immunity to the County. The appellate court therefore decided that, under the doctrine of respondeat superior, the county employing the mental health official could be liable.

It is true that following the rationale of *Spencer*, the City of Walla Walla could be liable even if RCW 69.50.506(c) insulated its officers. However, the *Spencer* decision contradicted an earlier Supreme Court decision in *Creelman v. Svenning*, 67 Wn.2d 882, 410 P.2d 606 (1966). In *Creelman*, a prosecutor allegedly filed inappropriate charges against an individual, and the individual brought an action against both the prosecutor and the County for malicious prosecution. While it was beyond dispute that the prosecutor was immune from prosecution, this court also held that the policy of insuring prosecutorial immunity to promote "free, independent, and untrammeled action" required that the County also be immune.

> The public policy which requires immunity for the prosecuting attorney, also requires immunity for both the state and the county for acts of [prosecutors] in the performance of the duties which rest upon them; otherwise, the objectives sought by immunity to the individual officers would be seriously impaired or destroyed.

*Creelman,* at 885.

We believe that the *Creelman* rationale is correct, and should apply in this case. It is readily apparent that the purpose behind RCW 69.50.506(c) was to promote efficient and unhampered police action, free from the hindrance created if liability could be imposed on police for their good faith, objectively reasonable actions. To give the officers protection against liability, while allowing suits against the jurisdiction employing them, would defeat this purpose. We therefore believe that RCW 69.50.506(c) pro-

tects both the officers and the City from civil liability. To the extent that the appellate court's decision in *Spencer* is inconsistent with this holding, it is hereby overruled.

Frost, however, argues that even if RCW 69.50.506(c) would insulate both the police officers and the City from liability, it should not apply. Frost seizes upon the fact that the search was improper and that RCW 69.50.506(c) only applies to activities by an officer "engaged in the lawful performance of his duties." He therefore asserts that, because the search violated his constitutional rights, it was not lawful, and RCW 69.50.506(c) should not apply.

■ We disagree. In a case similar to this one, in which a New York appellate court ordered a car returned to the owner when the evidence needed to support a forfeiture was illegally obtained, the court stated, "a public officer acting in a good faith effort to carry out his public trust is not and cannot be labeled a 'wrongdoer'." *People v. Florus,* 67 Misc. 2d 809, 812, 325 N.Y.S.2d 127 (N.Y. Sup. Ct. 1971). Similarly, in this case, where there is no allegation that at any point the officers acted other than in good faith, we cannot say that, in relation to RCW 69.50.506(c), the officers were not engaged in the lawful performance of their duties.[1]

ATTORNEY FEES

■ Frost claims that pursuant to RCW 69.50.505(e), he is entitled to reasonable attorney fees. RCW 69.50.505(e) provides in part that: "In a court hearing between two or more claimants to the article or articles involved, the prevailing party shall be entitled to a judgment for costs and reasonable attorney's fees." We recently decided in *Deeter v. Smith,* 106 Wn.2d 376, 721 P.2d 519 (1986) that this statute only applies if there were two or more claimants other than the State. Otherwise, there would be no reason to use language such as "between two or more claimants",

---

[1] We further note that Frost's damages were not principally caused by the police officer's decision to impound his car, but by the delay of the court in ruling on the forfeiture hearing.

because if the State were a claimant, there would always be at least two claimants.

## CONCLUSION

RCW 69.50.506(c) protects the officers from liability in a situation such as this, in which in good faith they impound and attempt to forfeit a car known to transport controlled substances. This immunity also runs to the jurisdiction employing them, the City of Walla Walla, as otherwise, the goal of efficient and unhampered police work would be unduly restricted. Accordingly, the trial court's dismissal of Frost's claim for damages, as well as attorney fees is affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.