NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUCI HOOD, a single person,

Plaintiff-Appellant,

v.

COUNTY OF KING, State of Washington; et al.,

Defendants-Appellees.

No. 17-35320

D.C. No. 2:15-cv-00828-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted July 11, 2018[**]
Seattle, Washington

Before: FERNANDEZ, CLIFTON, and NGUYEN, Circuit Judges.

Luci Hood appeals the district court's grant of summary judgment to the

defendants on her 42 U.S.C. § 1983 and state law claims. We have jurisdiction

pursuant to 28 U.S.C. § 1291 and review de novo, taking all facts and inferences in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

the light most favorable to Hood. *Luchtel v. Hageman*, 623 F.3d 975, 978 (9th Cir. 2010). We affirm.

1. Even if their actions gave rise to a constitutional violation, Deputy Bratcher, Deputy Click, and DMHP Bonicalzi are entitled to qualified immunity on Hood's § 1983 claim regarding her involuntary commitment. Hood has not pointed to any precedent that could have put the defendants on notice that involuntarily committing her would violate her constitutional rights. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) ("A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." (internal quotation marks and alterations omitted)); *Luchtel*, 623 F.3d at 979. Unlike in *Meyer v. Board of County Commissioners of Harper County, Oklahoma*, 482 F.3d 1232 (10th Cir. 2007), there is no question that Deputy Bratcher and Deputy Click were told that Hood had threatened the tree cutters or that this information was accurately passed on to DMHP Bonicalzi. Considering also that the deputies had first observed Hood earlier in the morning and had concerns about her mental health then, there is no case to defeat qualified immunity on these facts. *Cf. Bias v. Moynihan*, 508 F.3d 1212, 1221 (9th Cir. 2007).

2. Highline Medical Center, Fairfax Hospital, and their employees were

2

not acting under color of law when they treated Hood. We held in *Jensen v. Lane County* that a contract psychiatrist was acting under color of state law when the psychiatrist committed a patient to a county-run health facility without personally examining him and failed to terminate the commitment after concluding there was no evidence of mental illness, instead allowing a county health specialist to continue his investigation into whether to pursue a longer commitment. 222 F.3d 570, 573, 575 (9th Cir. 2000). Those are not the facts here. After DMHP Bonicalzi filed the initial petition, only hospital employees evaluated Hood and developed a course of action based on their "medical judgments" and "according to professional standards," without any input from the County. *See Blum v. Yaretsky*, 457 U.S. 991, 1008 (1982). Unlike in *Jensen*, the hospitals and the County did not engage in a "complex and deeply intertwined process of evaluating and detaining individuals." *See* 222 F.3d at 575. Dismissal of Hood's § 1983 claim against the hospitals was proper. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (explaining that a § 1983 claim must include deprivation of a right committed under color of state law).

3. Since there is no evidence that King County or any of its employees were acting pursuant to an official policy or a longstanding practice or custom, but instead Hood's claim is based on her one experience, Hood's § 1983 claim against King County was properly dismissed. *See Monell v. Department of Social and*

*Health Services*, 436 U.S. 658, 694 (1978); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

4.      Deputy Bratcher, Deputy Click, and DMHP Bonicalzi are statutorily immune from suit on Hood's state law claims relating to her involuntary commitment because there is no evidence of bad faith or gross negligence. *See* Wash. Rev. Code §§ 71.05.120(1), 71.05.500. There is no evidence to suggest that any defendant "harbored any ill-will toward" Hood. *Spencer v. King County*, 692 P.2d 874, 879 (Wash. App. 1984), *overruled on other grounds by Frost v. City of Walla Walla*, 724 P.2d 1017, 1020 (Wash. 1986). Even if Hood were correct that the deputies were predetermined to commit her based on their morning encounter, that would not be sufficient to show bad faith or gross negligence where it was undisputed that Hood had later threatened the tree cutters. *Id.*; *see also Luchtel*, 623 F.3d at 984 (affirming summary judgment on state claims and finding officers entitled to immunity under § 71.05.120 "[b]ecause the officers had reasonable cause to detain and reasonably detained" the plaintiff). DMHP Bonicalzi "attempted to corroborate" the deputies' report, and even if additional investigative steps would have been appropriate, failing to take them was not gross negligence.

4

*See Spencer*, 692 P.3d at 878–79. Finally, there is no evidence that any violation of County policy or the Involuntary Treatment Act was intentional.[1]

5.      Similarly, there is no evidence of bad faith or gross negligence on the part of the hospitals while Hood was committed. *See* Wash. Rev. Code § 71.05.120(1). "There is no issue of gross negligence without substantial evidence of serious negligence." *Kelley v. State*, 17 P.3d 1189, 1192 (Wash. App. 2000) (internal quotation marks omitted). Hood needed testimony by an expert who "practice[d] in the same field," *McKee v. Am. Home Prod., Corp.*, 782 P.2d 1045, 1048 (Wash. 1989), and "in the same or similar circumstances," Wash. Rev. Code § 7.70.040(1), to show any negligence by the medical professionals. *Eng v. Klein*, 110 P.3d 844, 847 (Wash. App. 2005); *see also Jerden v. Amstutz*, 430 F.3d 1231, 1234–35 (9th Cir. 2005) (explaining that federal courts must apply state law requirements for medical expert testimony pursuant to Federal Rule of Evidence 601). The district court did not abuse its discretion by excluding the testimony of Hood's proffered experts because they did not practice in the same field or under the same circumstances as any of the hospital employees. *See Young v. Key Pharm., Inc.*, 770 P.2d 182, 188–89 (Wash. 1989). Without having established the relevant standards of care, there is no basis in the record to find bad faith or gross

_____

[1] Immunity for the individuals' actions extends to the County. Wash. Rev. Code § 71.05.120(1).

5

negligence. *Cf. id.* at 189.

6. "A claim of negligent investigation will not lie against police officers." *Laymon v. Wash. State Dep't of Nat. Res.*, 994 P.2d 232, 239 (Wash. App. 2000). Hood's claim for negligent investigation by Deputy White of the burglary of her home is not cognizable under Washington law because it is not a recognized tort and public officials are not liable for actions taken in furtherance of their duties to the public as a whole. *See M.W. v. Dep't of Soc. & Health Servs.*, 70 P.3d 954, 959–60 (Wash. 2003) (en banc); *Taylor v. Stevens County*, 759 P.2d 447, 449–50 (Wash. 1988) (en banc). Further, there is no evidence that Deputy Bratcher and Deputy Click breached any duty they owed specifically to Hood to secure her home, since it is undisputed that they locked the doors.

**AFFIRMED.**