# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| POTTS FAMILY MOTORS INCORPORATED, a Washington Corporation, | No. 52751-1-II |
| Appellant. | |
| vs. | UNPUBLISHED OPINION |
| CITY OF LONGVIEW, a Washington Municipal Corporation, | |
| Respondent. | |

MAXA, J. – Potts Family Motors (PFM) appeals the trial court's dismissal on summary judgment of a lawsuit it filed against the City of Longview regarding the seizure of vehicles located at PFM's sales lot. The City seized the vehicles in connection with a drug investigation of Sidney Potts, who was associated with PFM. The City gave notice to Potts that it intended to forfeit the property, and a hearings examiner later issued an order forfeiting Potts's ownership in the property.

PFM asserted that it was the owner of the forfeited vehicles and was entitled to notice of the intended forfeiture. PFM filed a lawsuit against the City, asserting various claims. The trial court granted summary judgment in favor of the City. The court ruled that the City was immune from liability under RCW 69.50.506(c) on PFM's conversion, tortious interference with business expectancy, and willful misconduct and negligence claims. The court ruled that summary

judgment was appropriate on PFM's replevin claim because PFM presented no evidence that it owned the vehicles.

We hold that the trial court did not err in granting summary judgment because (1) even though the City failed to plead immunity as an affirmative defense, the immunity was tried by the implied consent of the parties under CR 15(b); (2) RCW 69.50.506(c) extends immunity to the City as well as to the City's officers; (3) RCW 69.50.506(c) applies to the City's performance of the notice requirements under chapter 69.50 RCW; and (4) on the replevin claim, PFM provided no evidence that it had an ownership interest in any of the vehicles seized from its lot.

Accordingly, we affirm the trial court's summary judgment order dismissing PFM's claims.

FACTS

*Background*

PFM was incorporated in December 2011. Thomas Potts became president in March 2012 and was the only director of PFM at that time. He held 1,000 shares of PFM but did not contribute any vehicles to the business. He did not work on PFM's vehicle lot because he lived in Alaska.

Sidney Potts contributed money and nine vehicles at the start of the business. He was involved with leasing the real property that became PFM's sales lot. He wrote checks from an account in the name of "Potts Family Motors Sidney A. Potts." Clerk's Papers (CP) at 116. He bought vehicles in the company's name. He had a debit card for paying bills in the name of

PFM. Potts[1] stated that he had an interest in PFM at the time the vehicles were seized, but he did not own any shares in the corporation.

In July 2012, the Longview Police Department conducted several controlled drug buys from Potts. On August 10, the City applied for a search warrant for three properties connected to Potts: PFM's sales lot, Potts's second car dealership, and Potts's home. The City searched all three properties, and under RCW 69.50.505, seized vehicles, tools, cash, and bank accounts. The City seized 29 vehicles from PFM's sales lot.

*Forfeiture Proceeding*

On August 10 and 22, 2012 the City served a number of "Notice[s] of Seizure and Intended Forfeiture" relating to the property seized from PFM's sales lot. The parties agree that PFM did not receive forfeiture notices for any of the 29 vehicles seized from PFM's sales lot.

On August 26, Potts sent a "notification of ownership" and "request for hearing" to the City relating to the August 10 seizure, listing 29 vehicles, cash, funds from various bank accounts, and various tools. A hearing took place before a hearing officer designated by the City in December 2013.

Also in December, Thomas Potts, then-president of Potts Family Motors, sent a letter to the Longview Police Department's hearings officer demanding the return of all property seized from PFM in August 2012. The letter stated that "Potts makes this demand in view [of] the . . . failure to notify Potts Family Motors Inc., pursuant to RCW 69.50.505(3)." CP at 118. The letter provided contact information for PFM's registered agent and for Thomas Potts but did not expressly claim that PFM had any ownership interest in the property or request a hearing.

---

[1] We use the surname "Potts" to refer to Sidney Potts. All other members of the Potts family are referred to using their first and last names.

In January 2014, the hearings examiner issued an order forfeiting Potts's ownership of over $50,000 in cash, 29 vehicles, and assorted tools following his convictions on charges of leading organized crime, unlawful delivery of methamphetamine, and unlawful possession of methamphetamine with intent to deliver. The hearings officer noted that Potts used three of the 29 vehicles seized from PFM to conduct drug transactions, as observed by Longview police detectives. Four of the 29 vehicles lacked paperwork at PFM to identify the owners, and no one came forward in the year between the seizure and the hearing to claim any of these vehicles. The remaining 22 vehicles either were titled to Potts or the title had been signed over to Potts.

*PFM Civil Lawsuit*

In January 2017, PFM filed a lawsuit against the City for conversion, tortious interference with business expectancy, willful misconduct and negligence, and replevin. PFM requested damages under all claims and a return of the property under the replevin claim. The complaint alleged that PFM owned the vehicles, tools, and cash subject to the City's forfeiture order and that the City had failed to serve PFM with notice of the forfeiture action as required under RCW 69.50.505(3).

The City's answer responded that "all actions of Defendant herein alleged manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable." CP at 66. The City did not assert immunity under RCW 69.50.506(c) as an affirmative defense.

The City moved for summary judgment on all of PFM's claims. The City claimed that it was immune from suit on PFM's claims under RCW 69.50.506(c) and *Frost v. City of Walla Walla*, 106 Wn.2d 669, 724 P.2d 1017 (1986). The City also argued that PFM was not entitled

to notice of the forfeiture under RCW 69.50.505 because it had not submitted any evidence to establish that it had an ownership interest in any of the property seized. PFM responded that the City was not entitled to immunity. During oral argument, both parties argued whether the City was immune from liability under RCW 69.50.506.

The trial court ruled that the City was immune from claims for money damages under RCW 69.50.506(c) for PFM's claims of tortious interference with business expectancy, conversion, and willful misconduct and negligence. The court granted summary judgment on PFM's replevin claim regarding the seized vehicles because they all either were titled to Potts or had been sold to Potts but title had not yet been transferred.

PFM appeals the trial court's summary judgment order regarding the vehicles.[2]

## ANALYSIS

A.  SUMMARY JUDGMENT STANDARD

Our review of a dismissal on summary judgment is de novo. *Frausto v. Yakima HMA, LLC*, 188 Wn.2d 227, 231, 393 P.3d 776 (2017). We review all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Keck v. Collins*, 184 Wn.2d 358, 368, 357 P.3d 1080 (2015). We may affirm an order granting summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Keck*, 184 Wn.2d at 370. A genuine issue of material fact is one where reasonable minds could differ on the facts controlling the case's outcome. *Sutton v. Tacoma Sch. Dist. No. 10*, 180 Wn. App. 859, 864-65, 324 P.3d 763 (2014).

---

[2] The trial court also granted summary judgment regarding tools, cash, and bank accounts seized by the City. PFM does not challenge this portion of the order.

The party moving for summary judgment "has the initial burden to show there is no genuine issue of material fact." *Zonnebloem, LLC v. Blue Bay Holdings, LLC*, 200 Wn. App. 178, 183, 401 P.3d 468 (2017). A moving defendant can meet this burden by establishing that there is a lack of evidence to support the plaintiff's claim. *Id.* Once the defendant has made such a showing, the burden shifts to the plaintiff to present specific facts that show a genuine issue of material fact. *Id.* Summary judgment is appropriate if a plaintiff fails to show sufficient evidence to establish the existence of an element on which he or she will have the burden of proof at trial. *Lake Chelan Shores Homeowners Ass'n v. St. Paul Fire & Marine Ins. Co.*, 176 Wn. App. 168, 179, 313 P.3d 408 (2013).

B.     NOTICE OF FORFEITURE UNDER CHAPTER 69.50 RCW

RCW 69.50.505, part of the Uniform Controlled Substances Act, chapter 69.50 RCW, governs the seizure and forfeiture of personal, real, and intangible property associated with the drug trade. RCW 69.50.505(1)(d) states, "All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, in any manner to facilitate the sale, delivery, or receipt" of controlled substances are subject to seizure and forfeiture.

"When the government seeks to forfeit property as drug proceeds, the government must observe certain modest due process requirements." *Espinoza v. City of Everett*, 87 Wn. App. 857, 861, 943 P.2d 387 (1997). When the government fails to follow statutory procedures, it is estopped from proceeding in a forfeiture action. *Id.* at 866.

The forfeiture statute obligates the City "to serve notice of an intent to forfeit upon any individual having a known right or interest in the property sought to be forfeited." *Id.* at 865.

> The law enforcement agency under whose authority the seizure was made shall cause notice to be served within fifteen days following the seizure *on the owner of the property seized and the person in charge thereof and any person having any*

6

> *known right or interest therein . . .* of the seizure and intended forfeiture of the seized property.

RCW 69.50.505(3) (emphasis added). Notice of the seizure of property not subject to a security interest "may be served by any method authorized by law or court rule." RCW 69.50.505(3).

If a person notifies the agency in writing of his or her claim of ownership of personal property within 45 days of being served with the agency's notice, then the person must be afforded a reasonable opportunity to be heard. RCW 69.50.505(5).

Here, we assume without deciding that the City had an obligation to provide PFM with notice of the forfeiture action and that the City failed to provide adequate notice.

## C. IMMUNITY UNDER RCW 69.50.506(c)

PFM argues that the trial court erred in granting summary judgment to the City on its conversion, tortious interference with business expectancy, and willful misconduct and negligence claims because (1) the City failed to assert immunity as an affirmative defense, (2) RCW 69.50.506(c) extends immunity only to City officers, not to the City itself, and (3) RCW 69.50.506(c) does not apply to failures to comply with RCW 69.50.505(3)'s notice requirements in seizure actions. We disagree.

### 1. Waiver of Immunity Defense

PFM argues that the City waived the affirmative defense of immunity under RCW 69.50.506(c) by failing to raise it in the City's answer to PFM's complaint. We disagree.

#### a. Failure to Plead Immunity

CR 8(c) requires a defendant to set forth affirmatively in an answer any "matter constituting an avoidance or affirmative defense." In general, a defendant waives any affirmative defense not asserted in the answer. *See Lybbert v. Grant County*, 141 Wn.2d 29, 44,

1 P.3d 1124 (2000); *Greenhalgh v. Dep't of Corr.*, 170 Wn. App. 137, 144, 282 P.3d 1175 (2012).

Here, the City's answer to PFM's complaint did not assert an affirmative defense of immunity under RCW 69.50.506(c). In fact, the answer made no reference at all to immunity. The City argues that its answer did assert as affirmative defenses compliance with the procedure outlined in chapter 69.50 RCW for forfeiture of seized property and the reasonable exercise of governmental authority. But these assertions address only the City's compliance with the law, not immunity even if there was noncompliance.

Therefore, we conclude that the City's answer was insufficient to put PFM on notice that the City intended to raise an affirmative defense under RCW 69.50.506(c).

### b. Trial by Implied Consent of the Parties

The City argues that even if its answer failed to assert immunity from liability under RCW 69.50.506(c) as an affirmative defense, the defense was not waived because it was tried by implied consent of the parties as allowed under CR 15(b). We agree.

CR 15(b) states, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." In determining whether the parties impliedly tried an issue, we must consider the record as a whole, including whether the issue was mentioned before trial, and the legal and factual support for the trial court's conclusions on the issue. *Dewey v. Tacoma Sch. Dist. No. 10*, 95 Wn. App. 18, 26, 974 P.2d 847 (1999).

Here, the City moved for summary judgment, arguing that it was immune from suit on all PFM's claims under RCW 69.50.506(c) and *Frost*. PFM did not object to the City raising a new defense. Instead, PFM responded that the City was not entitled to immunity under RCW

69.50.506(c) and *Frost*. At oral argument, both the City and PFM argued whether the City had immunity. And the trial court expressly ruled on the immunity issue, adopting the reasoning in *Frost* and finding that the City was immune from a claim for money damages under RCW 69.50.506(c).

The parties both argued the application of immunity under RCW 69.50.506(c). The court ruled on immunity. And PFM never objected to the City raising a new affirmative defense not asserted in the answer. Therefore, we apply CR 15(b) and treat the affirmative defense of immunity claim as if it had been raised in the City's answer.

2.    Immunity under RCW 69.50.506(c)

PFM argues that the trial court erred in finding that the City was immune from suit because immunity under RCW 69.50.506(c) does not extend to the City or to the City's alleged failure to comply with the notice requirements of the forfeiture statute. We disagree.

a.    Extension of Immunity to the City

RCW 69.50.506(c) provides that "No liability is imposed by this chapter upon any authorized state, county, or municipal *officer*, engaged in the lawful performance of his or her duties." (Emphasis added.) The statute by its terms applies only to a municipal "officer." But the Supreme Court in *Frost* held that this immunity also extends to the jurisdiction employing the officer. 106 Wn.2d at 675.

In *Frost*, the plaintiff's vehicle was seized under RCW 69.50.505 based on evidence that he had used the vehicle to transport and sell controlled substances. *Id.* at 671-72. But this evidence was obtained by an illegal search of the car. *Id.* at 672. Although the car eventually was returned to the plaintiff, he brought a replevin action against Walla Walla, arguing that he was entitled to damages for the loss of use of his car and reasonable attorney fees. *Id.* The court

held that RCW 69.50.506(c) operated to immunize both the city and its police officers from being held liable for damages arising from seizure and improper impoundment of the plaintiff's vehicle. *Id.* at 675.

PFM argues that the holding in *Frost* that immunity extended to the jurisdiction employing the officer was erroneous and that the trial court should not have relied on that case. PFM points to *Savage v. State*, where the Supreme Court held that the qualified personal immunity of parole officers for negligent supervision of parolees does not extend to the State. 127 Wn.2d 434, 445-47, 899 P.2d 1270 (1995). The court stated that *Frost* was not sound authority for extending parole officers' immunity to the State. *Id.* at 442. The court stated, "[I]n *Frost* the court extended the immunity of police officers to their employing jurisdiction. That decision imported the policy underlying quasi-judicial immunity to the interpretation of a statute granting only a qualified immunity to certain law enforcement officers for actions which are neither judicial nor quasi-judicial, the seizing and impounding of vehicles under the statute." *Id.*

But although the court in *Savage* critiqued the analysis in *Frost*, it did not state that the court in *Frost* improperly extended immunity to the city under RCW 69.50.506(c). And it did not overrule *Frost*. We are bound to follow Supreme Court precedent. *Gorman v. Pierce County*, 176 Wn. App. 63, 76, 307 P.3d 795 (2013). Therefore, we conclude that immunity under RCW 69.50.506(c) extends to the City.

### b. Immunity for Failure to Give Forfeiture Notice

PFM argues that even if *Frost* properly extends immunity under RCW 69.50.506(c) to an officer's employer in some situations, that case does not apply to the City's failure to give notice under RCW 69.50.503(3). PFM claims that *Frost* is distinguishable on its facts. However, RCW 69.50.506(c) provides that "No liability is imposed *by this chapter* upon any authorized state,

county, or municipal officer, engaged in the lawful performance of his or her duties." (Emphasis added). Notice under RCW 69.50.505(3) is part of the same RCW chapter as immunity under RCW 69.50.506(c).

Therefore, we conclude that immunity under RCW 69.50.506(c) applies to the City's failure to give a notice of forfeiture.

###### c.   Summary

We conclude that the City has immunity under RCW 69.50.506(c) for allegedly failing to comply with the notice requirements of RCW 69.50.505(3). Accordingly, we hold that the trial court did not err in granting summary judgment in favor of the City on PFM's conversion, tortious interference with business expectancy, and willful misconduct and negligence claims.[3]

### D.    REPLEVIN CLAIM FOR RETURN OF SEIZED VEHICLES

PFM argues that the trial court erred in granting summary judgment on its replevin claim, which sought the return of the seized vehicles, because there was a material issue of fact as to the ownership of the vehicles. We disagree.

"Replevin is a special statutory proceeding 'to determine title to, or right of possession of, personal property.' " *SEIU Healthcare Nw. Training P'ship v. Evergreen Freedom Found.*, 5 Wn. App. 2d 496, 500, 427 P.3d 688 (2018), *review denied*, 192 Wn.2d 1025 (2019) (quoting *Apgar v. Great Am. Indem. Co.*, 171 Wash. 494, 498, 18 P.2d 46 (1933)). The prima facie elements of a claim for replevin are (1) ownership of the property, (2) a right to its possession, (3) a demand on the defendant for its surrender, (4) the defendant's refusal to surrender the

---

[3] Summary judgment also is appropriate on PFM's replevin claim to the extent that PFM sought damages under that claim.

property, and (5) the defendant's consequent wrongful detention of the property. *SEIU Healthcare*, 5 Wn. App. 2d at 500.

Here, Potts sent a "notification of ownership" and "request for hearing" to the City on August 26, claiming ownership of the 29 vehicles seized on August 10. The City also submitted evidence in support of summary judgment that several of the vehicles seized on August 10 were titled to Potts. Other vehicles still were titled in the names of third parties, but apparently had not yet been re-titled after their previous owners had sold them to Potts.

Conversely, PFM presented no evidence or even an assertion in opposition to summary judgment that it owned any of the seized vehicles. In the absence of such evidence, there were insufficient facts to create a genuine issue of fact regarding ownership of the vehicles.

PFM argues that the December 2013 letter from PFM's then-president Thomas Potts to the City (sent the same day as the forfeiture hearing) created a material issue of fact as to the ownership of the cars. The letter demanded return of the seized vehicles because PFM did not receive notice of the forfeiture action. The letter provided contact information for PFM's registered agent and for Thomas Potts. However, the letter did not expressly claim that PFM had any ownership interest in the property or request a hearing.

PFM argues that this letter was a sufficient claim of ownership to survive summary judgment because only the claimant's contact information is necessary to alert the City that PFM was contesting the forfeiture of the vehicles. PFM relies on *Snohomish Regional Drug Task Force v. Real Property Known as 20803 Poplar Way*, which states that "nothing in the statute requires the written notice to the seizing agency to contain anything more than contact information so that further proceedings may be scheduled." 150 Wn. App. 387, 397, 208 P.3d

1189 (2009). But this case addressed the assertion of ownership in a *forfeiture proceeding*, not in a claim for replevin.

We conclude that there was no genuine issue of fact as to whether PFM owned the seized vehicles. Accordingly, we hold that the trial court did not err in granting summary judgment to the City on PFM's replevin claim.

CONCLUSION

We affirm the trial court's order granting summary judgment in favor of the City.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
SUTTON, A.C.J.

_____
GLASGOW, J.

13