54 Wn. App. 498 (1989)
774 P.2d 528
In the Matter of the FORFEITURE OF ONE 1980 PORSCHE.
THE STATE OF WASHINGTON, Respondent,
v.
RICHARD JOHNSTON (PEDRO GOMEZ), Appellant.
No. 9463-4-III.
The Court of Appeals of Washington, Division Three.
June 15, 1989.
*499 Joseph Ramirez, Mary Ramirez, and Ramirez, Ramirez & Timmons, for appellant.
Andy Miller, Prosecuting Attorney, and Carrie Eggimann, Deputy, for respondent.
THOMPSON, C.J.
Richard Johnston appeals a superior court order of forfeiture, entered on the State's oral motion for declaratory judgment. The court did not hear testimony from either Mr. Johnston or his witnesses. The subject of the forfeiture is a 1980 Porsche 924 seized in connection with the arrest of Pedro Gomez on drug charges. Mr. Johnston contends he is the owner of the Porsche and therefore has standing to contest the forfeiture. We reverse and remand.
In 1984, Mr. Johnston purchased the vehicle in question from a Yakima car dealer. On March 1, 1988, the police seized the car from Mr. Gomez during the execution of a search warrant at his residence. The police also seized a bill of sale discovered at the residence which read:
I Rick Johnston sold one 1980 924 Porsche Lic. # 778 AAD Vin # 92A0431321 to Pete Gomez
Mr. Gomez did not respond to the State's notice of forfeiture. On March 10, 1988, Mr. Johnston notified the State that he claimed an interest in the automobile.
At the forfeiture hearing, Mr. Johnston placed in evidence the following document:

*500 Received $1,000.00 down on 2-4-88. The first payment to be made on the first of March of $200.00 until the balance of $5500.00 is payed [sic]. 1980 Porsche 924 778-AAD.
 Owner
 Rick Johnston
 buyer Pete Gomez
Mr. Johnston's attorney argued the parties drew up the bill of sale at the suggestion of a friend who believed it would shield Mr. Johnston from liability if Mr. Gomez were involved in an accident in the car. The certificate of title for the Porsche was not produced at the hearing, but the court was advised that Mr. Johnston's name was on the title as the registered owner. The certificate of title had been seized by the police.
Under the Uniform Controlled Substances Act, codified at RCW 69.50.505:
(a) The following are subject to seizure and forfeiture:
...
(4) All conveyances ... which are used, or intended for use, in any manner to facilitate the sale of property described in paragraphs (1) or (2) [controlled substances, etc.], but:
...
(ii) No conveyance is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent;
(Italics ours.)
Here, the court concluded:
Assuming that the Respondent, Richard Johnston, is the legal owner on the title, any ownership that Mr. Johnston had was effectively transferred to Pedro Gomez as evidence[d] by the Bill of Sales.
The issue is whether the court properly held as a matter of law that Mr. Johnston was not the owner of the automobile for purposes of RCW 69.50.505. For the following reasons, we reverse the order and remand for a factfinding hearing on the issue of ownership.
*501 Of the two documents considered by the Superior Court, only the one which the police found in the Gomez residence clearly evidenced a present intent to transfer ownership of the Porsche. The other document described an agreement under which Mr. Gomez, as the buyer, would make installment payments to Mr. Johnston, who was listed as "owner". This latter document creates an issue as to whether the parties intended a present transfer of the ownership of the vehicle.
Mr. Johnston's attorney argued ownership was not transferred, Mr. Johnston's name remained on the certificate of title, and the bill of sale had been prepared to protect Mr. Johnston from financial responsibility for Mr. Gomez' negligence. Nevertheless, the Superior Court relied solely on the bill of sale commenting, "when you play games, you get burned, and you are playing games".
[1] In Farmers & Merchants Bank v. State, 167 Ga. App. 77, 306 S.E.2d 11, 13-14 (1983), the court noted that the primary purpose of the forfeiture provisions of the Uniform Controlled Substances Act is:
`not to vest in the Commonwealth an equitable interest in the property or the proceeds of its sale, but is to prevent further unlawful use of the property by depriving the guilty party of additional opportunity to so misuse it,' and the state accordingly loses none of its rights when the property is seized, sold, and the proceeds paid to any innocent party who can prove a bona fide interest therein." Hallman v. State, 141 Ga. App. 527 (2), 528 (233 SE2d 839) [(1977)]. (Emphasis supplied.)
"The state in a forfeiture proceeding is not in the position of a creditor or lienholder, but its interest is only to prevent a guilty party from further misusing the property. [Cit.]" State v. Sewell, 155 Ga. App. 734 (2), 735 (272 SE2d 514 [(1980)].
Similarly, the State's interest here is not to punish Mr. Johnston for any misguided effort to protect himself from financial responsibility laws. Forfeiture of any interest he might have would be too harsh and would not necessarily *502 serve the State's interest in preventing unlawful use of the property.
[2] In determining ownership for purposes of RCW 69.50.505, the court should consider all the evidence that bears on the issue and should not rely solely on the written bill of sale. If Mr. Johnston's name remains on the title as legal owner and if his proof that he retained an ownership interest is credible, the court could find, as between him and the State, his interest should not be forfeited.
We also note an absence of evidence this vehicle was used or was intended to be used to facilitate the sale, distribution or dispensation of controlled substances. The State has the burden of presenting such proof as a threshold requirement. The fact Mr. Gomez did not contest the forfeiture will not absolve the State of this burden of proof as to Mr. Johnston.
Reversed and remanded for trial.
MUNSON and SHIELDS, JJ., concur.