[No. 29983-2-I.   Division One.   December 14, 1992.]

KEY BANK OF PUGET SOUND, *Respondent*, v. THE CITY OF EVERETT, *Appellant*.

*Mark T. Patterson* and *Law Offices of Patterson,* for appellant.

*William G. Suttell* and *Suttell Law Offices,* for respondent.

AGID, J. — The City of Everett appeals from an order granting Key Bank of Puget Sound's motion for summary judgment. The trial court ruled that a holder of a security interest in a vehicle may retain its interest in that vehicle after forfeiture even though the secured party received notification pursuant to RCW 69.50.505(c) and did not file a claim under RCW 69.50.505(d) to preserve that interest. We agree with the City that the holder of a security interest must file a claim and reverse.

On September 13, 1990, the City of Everett Police Department seized a red 1990 Acura Integra which had been used repeatedly to deliver cocaine in violation of RCW 69.50-.505(a)(4). Key Bank of Puget Sound (Key Bank) was served by mail on September 19, 1990, with notice of the City's intent to forfeit, as required by RCW 69.50.505(c). Both parties agree that Key Bank did not respond to the notice and that it did not file a claim under RCW 69.50.505(d). Neither side contends that Key Bank was aware of the illegal use of the vehicle. The vehicle was subsequently forfeited. On August 9, 1991, after default on its loan, Key Bank filed an action for replevin against the City to recover its interest in the vehicle. On August 28, 1991, a commissioner declined to rule that Key Bank was required to file a claim within the 45-day period provided for in RCW 69.50-.505(d) to preserve its claim. Both sides then moved for summary judgment and, on January 14, 1992, the trial court entered an order granting Key Bank's motion and denying the City's motion. This appeal followed.

■ In reviewing a summary judgment order, we engage in the same inquiry as the trial court. *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990). Summary judgment can be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Marincovich*, 114 Wn.2d at 274. Here, the parties stipulated that the 1990 Acura Integra which is the subject of this dispute was used to facilitate the sale or delivery of a controlled substance in violation of RCW 69.50.505(a)(4), that Key Bank holds a bona fide properly perfected security interest in the vehicle and was not aware of the illegal use of the vehicle, and that Key Bank was timely served with notice pursuant to RCW 69.50.505(c) but did not respond to that notice. Thus, there is no issue of fact. The only issue is whether Key Bank was required to file a claim under RCW 69.50.505(d) to preserve its security interest in the forfeited vehicle after receiving notification of the intended forfeiture pursuant to RCW 69.50.505(c).

RCW 69.50.505(a)(4) provides that all vehicles "used, or intended for use, in any manner to facilitate the sale, delivery, or receipt" of controlled substances are subject to seizure and forfeiture, with several exceptions, including:

> (iv) A forfeiture of a conveyance encumbered by a bona fide security interest is subject to the interest of the secured party if the secured party neither had knowledge of nor consented to the act or omission[.]

RCW 69.50.505(c) provides in pertinent part:

> In the event of seizure pursuant to subsection (b), proceedings for forfeiture shall be deemed commenced by the seizure. The law enforcement agency under whose authority the seizure was made *shall cause notice to be served* within fifteen days following the seizure *on* the owner of the property seized and the person in charge thereof and *any person having any known right or interest therein*, including any community property interest, of the seizure and intended forfeiture of the seized property.

(Italics ours.) Subsection (d) provides in pertinent part:

> If *no person* notifies the seizing law enforcement agency in writing of the person's *claim of ownership or right to possession* of items specified in subsection (a)(4) . . . of this section within forty-five days of the seizure in the case of personal property . . ., the item seized shall be deemed forfeited.

(Italics ours.) Key Bank argues that, because it held only a security interest in the vehicle which did not amount to a claim of ownership or a right of possession, it was not required to comply with subsection (d) to preserve its security interest.

The fundamental objective of statutory construction is to ascertain and carry out the intent of the Legislature. *Rozner v. Bellevue*, 116 Wn.2d 342, 347, 804 P.2d 24 (1991). Where statutory language is plain and unambiguous, the statute's meaning must be derived from the wording of the statute itself. *Rozner*, 116 Wn.2d at 347. Each provision of the statute should be read in relation to the other provisions, and the statute should be construed as a whole. *State v. Sommerville*, 111 Wn.2d 524, 531, 760 P.2d 932 (1988). A literal reading of a statute is to be avoided if it would result

in unlikely, absurd or strained consequences. *State v. Neher*, 112 Wn.2d 347, 351, 771 P.2d 330 (1989). The interpretation which is adopted should be the one which best advances the legislative purpose. *Rozner*, 116 Wn.2d at 347.

Subsections (c) and (d) of RCW 69.50.505 were enacted simultaneously to provide for notice and an opportunity to be heard and, thus, are clearly intended to be read together.[1] Senate Journal, 45th Legislature (1977), at 988. Although subsections (c) and (d) use different language to describe the nature of the interest in the property subject to forfeiture, the only logical reading of these sections is that the term "no person" in subsection (d) is intended to refer back to the entire class of persons who must be served with notice under subsection (c). *See Crape v. Mount*, 32 Wn. App. 567, 569, 648 P.2d 481, *review denied*, 98 Wn.2d 1008 (1982) (subsection (d) "states the effect of the owner's failure to respond" to subsection (c)). Similarly, the "claim of ownership or right to possession" referred to in subsection (d) must be read in conjunction with the phrase "any known right or interest" in subsection (c) which triggers the right to notification. *See State v. Alaway*, 64 Wn. App. 796, 799, 828 P.2d 591, *review denied*, 119 Wn.2d 1016 (1992) ("one claiming an interest" in property subject to forfeiture has 45 days to respond after being notified).

■ "Ownership" is not defined in RCW 69.50. Key Bank argues that we should engraft upon RCW 69.50 the definition of that term included in the motor vehicle statutes. There, the term "owner" does not include a secured party. However, the rules of statutory construction require us to apply the common law meaning of a term that the Legislature has not defined in the statute in question. *In re Brazier Forest Prods., Inc.*, 106 Wn.2d 588, 595, 724 P.2d 970 (1986).

---

[1] The original statute was enacted in 1971. Subsections (c) and (d) were rewritten when the statute was amended in 1977 to provide for notice and an opportunity to be heard after several opinions had held that the earlier version of the statute denied property owners due process and was therefore unconstitutional. *E.g.*, *State v. One 1972 Mercury Capri*, 85 Wn.2d 620, 623, 537 P.2d 763 (1975); *State v. Matheason*, 84 Wn.2d 130, 134, 524 P.2d 388 (1974); *Everett v. Slade*, 83 Wn.2d 80, 85, 515 P.2d 1295 (1973).

At common law, "ownership" is regarded as a general term, the meaning of which is to be determined from the context in which it is used and from the subject matter to which it is applied. This is because "ownership" is not a technical term and may be used to describe a great variety of interests. 67 C.J.S. *Own[ership]*, at 547 (1950); Black's Law Dictionary 1105 (6th ed. 1990). *Cf. In re One 1980 Porsche*, 54 Wn. App. 498, 502, 774 P.2d 528 (1989) (in determining ownership for purposes of RCW 69.50.505, the court should consider all the evidence that bears on the issue and not rely solely on the written bill of sale). The meaning of "ownership" in the forfeiture statute should therefore be determined from the context in which it is used within that statute, not the motor vehicle codes.

■■ We hold that the term "ownership" in RCW 69.50-.505(d) is intended to refer to the same class of interests that trigger the right of notification under subsection (c). Any other reading of the statute renders the requirement of notice to secured parties a futile act, an unlikely result which is contrary to the intent of the amendments at issue here. *Cherry v. Municipality of Metro Seattle*, 116 Wn.2d 794, 802, 808 P.2d 746 (1991) (courts should avoid unlikely results in construing statutes). If the pending adjudication could not affect a party's rights, there would be no reason to require that the party be notified.[2] In the absence of specific language to the contrary, the only logical interpretation of the statutory scheme is that the Legislature intended that *all* interests in property subject to forfeiture under RCW 69.50.505 be adjudicated together under subsections (c), (d) and (e). Otherwise, even when the State knows that a party has a bona fide interest in property subject to forfeiture, it could not pay it off because it would not have received documentation describing the nature and extent of that interest.

---

[2]It is also unlikely that, having required notification to "any person" with an interest in the property, the Legislature would rely on a subtle change in language rather than stating explicitly its intent to excuse some of those who are entitled to notice from the need to respond.

Finally, although both the courts and the Legislature have expressed concern that the interests of innocent parties in property subject to forfeiture not be forfeited,[3] the statute nonetheless places the burden of establishing a compensable interest on the person or entity claiming it. *See, e.g.*, RCW 69.50.505(e); RCW 69.50.506(a); *Irwin v. Mount*, 47 Wn. App. 749, 753, 737 P.2d 277, *review denied*, 108 Wn.2d 1031 (1987). That burden is consistent with an interpretation of subsection (d) that requires anyone claiming a right or interest of any kind in property subject to forfeiture, who is thereby entitled to and in receipt of notice pursuant to subsection (c), to comply with the requirements of subsection (d) in order to preserve that interest. There is no basis for concluding that the Legislature intended to encourage or permit piecemeal adjudication of interests in forfeited property. Rather, it provided for one hearing at which issues concerning knowledge of the illegal use of property and the nature and extent of third party interests in that property are to be determined. The only reasonable interpretation of RCW 69.50.505(c) and (d) is one that permits all interests in property subject to forfeiture to be adjudicated at the single forfeiture hearing which these amendments to the statute were enacted to provide.

Because the parties stipulated below as to the pertinent facts, there is no genuine issue of material fact to be resolved and no trial is necessary.[4] The case is therefore reversed and remanded with directions that summary judgment be entered for the City of Everett.

COLEMAN and FORREST, JJ., concur.

Reconsideration denied January 7, 1993.

Review denied at 121 Wn.2d 1025 (1993).

---

[3] *E.g.*, Laws of 1989, ch. 271, § 211; *One 1980 Porsche*, 54 Wn. App. at 501-02.

[4] We note that the trial court also erred in granting summary judgment on the replevin claim because Key Bank did not prove each of the elements of its claim. However, in view of our disposition of the statutory issue, we need not discuss that claim.