[No. 36214-3-I.    Division One.    December 21, 1998.]

ROGER W. BRUETT, *as Chief of the Washington State Patrol*, ET AL., *Appellants*, v. REAL PROPERTY KNOWN AS 18328 11TH AVENUE N.E., ET AL., *Respondents*.

*Christine O. Gregoire, Attorney General*, and *Frederick J. Caruso, Assistant*, for appellant Bruett.

*Michael P. Jacobs* of *Riach, Gese, Seather & Watts*, for appellant Kalsbeek.

*Robert J. Wayne*, for respondents.

WEBSTER, J. — Appellants Roger W. Bruett, Chief, Washington State Patrol, and Larry Kalsbeek, Lynnwood Chief of Police, (collectively "Appellants") brought a civil forfeiture action against the Respondent property, owned by Mr. Sam O. Feagin and Mrs. Paula Roberta Feagin, under RCW 69.50.505, Washington's drug forfeiture statute. The law-enforcement agencies served a summons, notice of intended forfeiture, and other filings, but failed to serve notice of the arrest warrant in rem as required by the statute.

Upon motion, the trial court dismissed the action against Mr. Feagin's interest in the property on the ground that forfeiture would constitute double jeopardy under the federal and state constitutions. The law-enforcement agencies appealed.

The Feagins also moved to dismiss the entire action due to: (1) the law-enforcement agencies' failure to adhere to the statute's service of process requirements; and (2) lack of jurisdiction. The trial court denied the Feagins' motion to dismiss the entire action and ordered Mrs. Feagin's interest in the property forfeited. This left the two law-enforcement agencies tenants in common with the marijuana-growing Mr. Feagin. The Feagins cross-appealed.

Since the trial court's ruling, the United States and Washington Supreme Courts have held that civil forfeiture does not constitute punishment and thus does not implicate double jeopardy. *See United States v. Ursery*, 518 U.S. 267, 292, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996); *State v. Catlett*, 133 Wn.2d 355, 369, 945 P.2d 700 (1997). However, we must determine whether the entire forfeiture is precluded because the Appellants failed to serve the arrest warrant in rem, as required by the statute. We hold that a seizing agency must strictly comply with the service of process requirements in RCW 69.50.505 and reverse.

## I. BACKGROUND FACTS

The parties stipulated that the trial court's findings of fact accompanying its several orders constitute the agreed report of proceedings.

Mr. Feagin pleaded guilty to possession with intent to manufacture or deliver marijuana and was sentenced on July 15, 1994.

On July 21, 1994, the Appellants brought an action pursuant to RCW 69.50.505, Washington's drug forfeiture statute, to forfeit the Feagins' home. On the same day, the Appellants also filed a summons, a lis pendens, an affidavit in support of probable cause, a motion for an order to show cause, an order to show cause, a motion for issuance of a warrant of arrest in rem, and a notice of seizure and intended forfeiture. These documents were served on the Feagins and on the property. On July 22, 1994, these documents plus an order continuing hearing on the order to show cause, a subpoena duces tecum, and an order setting the forfeiture case schedule was served on The Money Store, a secured creditor. The case schedule was also posted on the property.

The hearing to determine probable cause to issue the arrest warrant in rem was held on September 20, 1994, before Judge Ramerman. The Feagins were present and represented by counsel. The secured creditor was not present.

Judge Ramerman found probable cause and issued a warrant of arrest in rem. The Feagins had actual knowledge of the warrant of arrest in rem, but no evidence shows that the secured creditor had either constructive or actual knowledge of the warrant. The warrant of arrest in rem was not served on the Feagins or the secured creditor.

A non-jury trial commenced on October 17, 1994. The Feagins were represented by counsel. The Feagins moved to dismiss the forfeiture action on the alternative grounds that: (1) the court lacked jurisdiction of the property because the Appellants failed to serve the warrant of arrest in rem; and (2) the Appellants failed to strictly comply with procedures set forth in RCW 69.50.505. The trial court concluded:

> The Court acquired jurisdiction over the real property by virtue of the issuance of the warrant of arrest *in rem*. It was not necessary for the warrant to be served upon the property to acquire jurisdiction, especially where the owner appeared, participated and contested the probable cause hearing and had actual knowledge that the court had issued the warrant.

> In the event of a seizure under RCW 69.50.505(b), the plaintiffs are required to cause notice of the seizure and of the intended forfeiture to be served upon the owner of the property seized and the person in charge thereof and any person having any know[n] right or interest therein within fifteen days following the seizure. Plaintiffs did not comply with this requirement, though the property owners knew of the issuance of the warrant of seizure by virtue of having attended at the hearing on September 20, 1994. Strict compliance with the requirement that there be actual service of the Warrant of Arrest in rem within 15 days of its issuance is excused by the fact that the individual defendant's [sic] had actual knowledge.

Clerk's Papers (CP) at 519-20. The trial court found that it had jurisdiction over the property and denied the Feagins' motion to dismiss the action on December 1, 1994.

The trial court issued a judgment of forfeiture against Mrs. Feagin's half interest in the property on February 6, 1995.

## II. DISCUSSION

■ "Forfeitures are not favored; they should be enforced only when within both letter and spirit of the law." *United States v. One 1936 Model Ford V-8 De Luxe Coach*, 307 U.S. 219, 226, 59 S. Ct. 861, 83 L. Ed. 1249 (1939).

A.   The Statutes

RCW 69.50.505 provides, in part:

(b) Real or personal property subject to forfeiture under this chapter may be seized by any board inspector or law enforcement officer of this state upon process issued by any superior court having jurisdiction over the property. Seizure of real property shall include the filing of a lis pendens by the seizing agency.

(c) In the event of seizure pursuant to subsection (b), proceedings for forfeiture shall be deemed commenced by the seizure. The law enforcement agency under whose authority the seizure was made shall cause notice to be served within fifteen days following the seizure on the owner of the property seized and the person in charge thereof and any person having any known right or interest therein, including any community property interest, of the seizure and intended forfeiture of the seized property. Service of notice of seizure of real property shall be made according to the rules of civil procedure. . . . Notice of seizure in the case of property subject to a security interest that has been perfected by filing a financing statement in accordance with chapter 62A.9 RCW, or a certificate of title, shall be made by service upon the secured party or the secured party's assignee at the address shown on the financing statement or the certificate of title.

CR 4(e)(1) states:

Whenever a statute or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or not found within the state, service may be made under the circumstances

and in the manner prescribed by the statute or order, or if there is no provision prescribing the manner of service, in a manner prescribed by this rule.

Finally, CR 5(a) provides, in part:

In an action begun by seizure of property, in which no person need be or is named as defendant, any service required to be made prior to the filing of an answer, claim, or appearance shall be made upon the person having custody or possession of the property at the time of its seizure.

## B. Compliance with RCW 69.50.505

██ ██ The power to order forfeiture is purely statutory. *See Espinoza v. City of Everett*, 87 Wn. App. 857, 865, 943 P.2d 387 (1997), *review denied*, 134 Wn.2d 1016, 958 P.2d 315 (1998); *State v. Alaway*, 64 Wn. App. 796, 800, 828 P.2d 591 (1992) (collecting cases). No common law of forfeiture exists in this country and the drug forfeiture statute provides the exclusive mechanism for forfeiting the Feagins' property. *See Alaway*, 64 Wn. App. at 800-01.

The Feagins argue that the Appellants' failure to strictly comply with the statutory requirements of RCW 69.50.505 precludes the forfeiture. The Feagins rely first on two Washington cases, *Espinoza*, 87 Wn. App. 857, and *Alaway*, 64 Wn. App. 796.

In *Alaway*, personal property used in a marijuana growing operation was seized as evidence pursuant to a valid search warrant. *See* 64 Wn. App. at 797. After Alaway pleaded guilty and was sentenced, the State moved for an order forfeiting the seized property. *See id.* Alaway objected and moved for return of the property. *See id.* The state conceded that the statutory forfeiture procedures were not followed but argued that courts have the "inherent authority to order the forfeiture of property used in the commission of a crime, even without statutory authorization." *See id.* at 800. This court disagreed and held that RCW 69.50.505 provides the exclusive mechanism for forfeiting the type of property involved. *See id.* at 801. Because the

State failed to comply with RCW 69.50.505, Alaway's property could not be forfeited. *See id.*

*Alaway* stands for the proposition that RCW 69.50.505 provides the exclusive mechanism for forfeiting property used in the commission of drug crimes. It does not stand for the proposition that having proceeded by way of RCW 69.50.505 to obtain forfeiture, the State must strictly adhere to the service of process requirements of that statute. Therefore, *Alaway* does not advance the Feagins' position because although the Appellants neglected to serve the warrant after it issued, they utilized RCW 69.50.505 to effect the forfeiture and met all other requirements of the statute.

In *Espinoza*, the City of Everett seized a car and $260,000 in cash pursuant to a valid search warrant obtained during a drug investigation. *See* 87 Wn. App. at 861. After the seizure, the City notified the owner of the car of intent to forfeit the car but did not mention the cash. *See id.* at 862. The owner of the car made a timely notification of his claim and right to the car, and a group of unidentified individuals made a timely notification of their claim and right to the cash. *See id.* The claimed owners of the car and cash requested a hearing. *See id.* The City did not hold a hearing for either the car or the cash. *See id.* at 863. Four and a half years later the trial court dismissed the forfeiture action on the grounds that the extensive delay between the seizure and a full adversarial hearing violated due process guarantees of the state and federal constitutions and affronted the forfeiture statute which provides for a reasonable opportunity to be heard. *See id.* at 864.

The *Espinoza* court noted that the City's failure to notify the owner of the car of its intent to forfeit the cash was "arguably fatal to the City's attempt to proceed with forfeiture of the cash, because when statutory procedures are not followed, the government is estopped from proceeding in a forfeiture action." *Id.* at 866. However, the court did not decide the case on this ground because the claimants did not argue it and the owner of the car was "effectively

apprised of the cash seizure when notified of the car seizure." *Id.* The court found that the four-and-a-half-year delay between the seizure and the adversarial hearing did not constitute a "reasonable opportunity to be heard" and violated due process. *See id.* at 869 (following and applying to personal property the Washington Supreme Court's holding in *Tellevik v. 31641 West Rutherford Street*, 125 Wn.2d 364, 370, 884 P.2d 1319 (1994) (*Tellevik II*), and *Tellevik v. 31641 West Rutherford Street*, 120 Wn.2d 68, 87, 838 P.2d 111 (1992) (*Tellevik I*), that due process entitles a claimant of real property to a full adversarial hearing within 90 days of the seizure).

The present case is distinguishable from *Espinoza* and the *Tellevik* cases because here, as discussed below, no due process violation occurred. The Feagins received notice of the intent to forfeit the property and were afforded an opportunity to participate in a probable cause hearing and a full adversarial hearing.

### C. No Due Process Violation Occurred

■ ■ "The purpose of statutes which prescribe the methods of service of process is to provide due process." *Wichert v. Cardwell*, 117 Wn.2d 148, 151, 812 P.2d 858 (1991). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950); *see also Wichert*, 117 Wn.2d at 151.

In *United States v. James Daniel Good Real Property*, 510 U.S. 43, 62, 114 S. Ct. 492, 126 L. Ed. 2d 490 (1993) (hereinafter *Good*), the Court held that in the absence of exigent circumstances, due process requires the government to afford notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture. *See also Tellevik II*, 125 Wn.2d at 370 (revisiting the constitutionality of Washington's drug forfeiture statute in

light of *Good*, the Court found that an ex parte probable cause hearing, allowed by Washington statute, meets with due process where seizure does not mean that the seizing agency takes control of the property, but held that due process entitles a claimant to a full adversarial hearing within 90 days after seizure). In the present case, no due process violation occurred because the Feagins had notice of the intended forfeiture and were afforded a reasonable opportunity to be heard at the probable cause hearing prior to seizure and at trial.

D.  Due Process Is Not Enough—Statutory Requirements Must Be Met

■ "[T]here is a difference between constitutionally adequate service and service required by the statute: '[B]eyond due process [requirements], statutory service requirements must be complied with in order for the court to finally adjudicate the dispute between the parties.' " *Weiss v. Glemp*, 127 Wn.2d 726, 734, 903 P.2d 455 (1995) (quoting *Thayer v. Edmonds*, 8 Wn. App. 36, 40, 503 P.2d 1110 (1972)). Thus, we are still left with the question whether compliance with the service of process provisions of RCW 69.50.505 is required.

E.  The Substantial Compliance Doctrine Is Not Applicable

Personal service statutes require only substantial compliance; constructive or substituted service statutes require strict procedural compliance. *Martin v. Triol*, 121 Wn.2d 135, 144, 847 P.2d 471 (1993). The present case does not involve application of a substituted service statute; thus, strict compliance is not required due to this general rule. The present case presents an action in rem, but, of course, the fiction that assertion of jurisdiction over property is anything but an assertion of jurisdiction over the owner of the property is no longer accepted. *Shaffer v. Heitner*, 433 U.S. 186, 212, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977). Thus, the present situation, requiring service on the property owners and the secured creditors, where no substituted service was attempted, presents application of law pertain-

ing to traditional personal service. Appellants argue that they substantially complied with the requirements of RCW 69.50.505.

■■ However, the substantial compliance doctrine may not be applied to the present case. In *Weiss*, the Washington Supreme Court considered the sufficiency of process where the process server did not comply with the specific terms of the statute governing service.[1] 127 Wn.2d at 731. The process server yelled through a plate glass window to the defendant, sitting about four feet away, that he was served and left the summons on the windowsill when the defendant turned to look. *See id.* at 729. The attempted service failed to meet statutory requirements because the documents were not delivered to the named defendant or to someone of suitable age and discretion where the defendant was staying. *See id.* at 731. The plaintiff argued that the windowsill service was in substantial compliance with the statute. *See id.* The court disagreed:

> Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of [a] statute. In the cases where substantial compliance has been found, there has been actual compliance with the statute, albeit procedurally faulty. We need not decide the applicability of substantial compliance to the service statute. We find that service in this case failed to comply with even the rudiments of the statutory requirements.
>
> In the present case, the process server did not leave the summons with *anyone*. . . . That is noncompliance with the statute, not significant compliance combined with a merely technical deficiency.

*See id.* at 731-32 (internal quotations and citations omitted).

The court appears to say that substantial compliance

---

[1]The service statute was RCW 4.28.080(15): "The summons shall be served by delivering a copy thereof, as follows: . . . (15) In all other cases, to the defendant personally, or by leaving a copy of the summons at the house of his usual abode with some person of suitable age and discretion then resident therein."

may be considered where the serving party attempted to perform service according to the statute, but the service was technically deficient. In the present case, Appellants are in *noncompliance* with RCW 69.50.505 because they failed to serve the warrant of arrest in rem on the Feagins or the secured creditor. Therefore, the substantial compliance doctrine is inapplicable.

    F.  A Seizing Agency Must Strictly Comply with the Service of Process Requirements Provided in RCW 69.50.505

    ■ The court's duty is to "effectuate the intent of the Legislature in enacting a statute. If a statute in unambiguous . . . [the court is] obliged to apply the language as the Legislature wrote it, rather than amend it by judicial construction." *Salts v. Estes*, 133 Wn.2d 160, 170, 943 P.2d 275 (1997) (interpreting the substitute service of process statute and finding that service of process upon a person looking after the defendant's home was not sufficient). "What the Legislature has not seen fit to do—change the wording of the statute—we decline to do by judicial proclamation in the guise of liberal construction." *Id.* at 162.

    ■ RCW 69.50.505(b) allows seizure "upon process issued by any superior court having jurisdiction over the property." The Washington Supreme Court rejected the interpretation that "process" refers to "any form of order, writ, summons or notice, rather than only to a warrant." *Tellevik* I, 120 Wn.2d at 78. "Process" is interpreted to be a judicial writ. *See id.* "Seizure" establishes "only an inchoate property interest in the seizing agency . . . . [S]eizure, itself, does not allow the seizing agency to remove the occupants from physical possession of the property. The effect of a seizure is to commence the forfeiture proceeding. RCW 69.50.505(c)." *Id.* at 85-86. Thus, if seizure is upon process (the warrant), and seizure commences the forfeiture proceeding, then the forfeiture proceeding is not commenced until the warrant issues.

    The statute allows an ex parte probable cause hearing.

*Tellevik* II holds that the statute is constitutional under the interpretation of seizure as not allowing the seizing agency to take physical possession. 125 Wn.2d at 371. The statute seems written with the ex parte hearing route in mind. It does not require that the claimants have notice of, and participate in, the hearing to determine probable cause to issue the arrest warrant in rem. In that context, notice within 15 days of the issuance of the arrest warrant is crucial.

The present case takes a different route. Placing the statute in the present context, where the Feagins were served a summons, notice of the intended forfeiture, and other papers, and participated in a preseizure probable cause hearing at which the warrant issued and thus had actual knowledge of the warrant, the requirement that notice of the warrant be served becomes no longer crucial, but formalistic.

Nevertheless, the statute requires service of the warrant. Furthermore, although any given claimant may participate in a probable cause hearing, he or she is still entitled to a full adversarial hearing, a trial, at which, presumably, different defenses may be presented. Thus, service of the warrant, even after the probable cause hearing, provides notice of the opportunity to be heard and is not without purpose. Finally, actual notice of the warrant in this case does not excuse the statutory requirements of service of process. *See McAnulty v. Snohomish Sch. Dist. No. 201*, 9 Wn. App. 834, 837, 515 P.2d 523 (1973).

In conclusion, although the Feagins were afforded due process, the Appellants failed to comply with the service of process requirements imposed by the Legislature. If the Legislature wishes to provide for different service of process where the claimants participate in the probable cause hearing, it is free to do so, but we will not amend the statute by judicial construction. We hold that to accomplish civil forfeiture under RCW 69.50.505, the seizing agency must strictly comply with the service of process requirements provided in the statute. Because the arrest warrant was not served in this case, we reverse.

### G. Attorney Fees

The Feagins request an award of reasonable attorney fees on appeal and below under RCW 69.50.505(e). RCW 69.50.505(e) provides, in part, "In a court hearing between two or more claimants to the article or articles involved, the prevailing party shall be entitled to a judgment for costs and reasonable attorney's fees." The Washington Supreme Court has held that "claimants" does not include the seizing law-enforcement agency seeking forfeiture. *See Deeter v. Smith*, 106 Wn.2d 376, 380, 721 P.2d 519 (1986). Thus, a sole claimant is not entitled to attorney fees under the statute. *See id.*; *see also Frost v. City of Walla Walla*, 106 Wn.2d 669, 674, 724 P.2d 1017 (1986) (the attorney fees provision applies only "if there were two or more claimants other than the State"). Therefore, the Feagins are not entitled to attorney fees under RCW 69.50.505(e).

Furthermore, the Feagins' request for attorney fees appears in the last sentence of the conclusion of their opening brief, not in a separate section devoted to the fee issue as required by RAP 18.1(b). "This requirement is mandatory." *Wilson Court Ltd. Partnership v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998).

## III. CONCLUSION

We reverse the trial court's order denying the Feagins' motion to dismiss the forfeiture action because the Appellants failed to strictly comply with the service of process requirements mandated in RCW 69.50.505. We order that the property be returned to the Feagins. The Feagins' request for attorney fees is denied.

BAKER and ELLINGTON, JJ., concur.