[Nos. 60312-4-I; 60313-2-I.   Division One.   June 1, 2009.]

THE SNOHOMISH REGIONAL DRUG TASK FORCE ET AL., *Respondents*, v. REAL PROPERTY KNOWN AS 20803 POPLAR WAY, LYNNWOOD, WASHINGTON, *Defendant in Rem*, YATIN JAIN ET AL., *Appellants*.

*F. Hunter MacDonald* and *Michael G. Brannan* (of *Law Offices of Michael G. Brannan*) for appellants Yatin and Ashima Jain.

*Billie R. Morelli* (of *Billie R. Morelli, PLLC*) and *Jordan M. Hecker* and *Lindsey Truscott* (of *Hecker Wakefield & Feilberg, PS*), for appellants Vijay and Kiran Jain.

*Janice E. Ellis, Prosecuting Attorney*, and *Mara J. Rozzano, Deputy*, for respondents.

¶1 Cox, J. — Do the notices of appearance that Yatin and Ashima Jain, husband and wife (Yatin), and Vijay and Kiran Jain, husband and wife (Vijay), served on the Snohomish Regional Drug Task Force (SRDTF) constitute notices "in writing of the [Yatin and Vijay] claim of owner-

ship or right to possession" of the real estate at issue in these drug forfeiture cases?[1] We hold that the notices comply with the requirements of RCW 69.50.505(5), the drug seizure and forfeiture statute. Thus, Yatin and Vijay are entitled to a prompt hearing on their claims of rights to the properties.[2] Accordingly, we reverse all summary judgment orders and remand with instructions.

¶2 The material facts are undisputed. On March 15, 2006, the SRDTF arrested Yatin Jain for transporting 23 pounds of marijuana in his vehicle.

¶3 Two days later, the SRDTF commenced the first of six forfeiture proceedings in Snohomish County Superior Court. On the same date, the SRDTF also recorded a lis pendens against Yatin's residence, which is located at 20803 Poplar Way, Lynnwood, Washington.

¶4 Several days later, Yatin conveyed to Vijay by quit-claim deed his residence and five other parcels of real property involved in these proceedings. According to Yatin, the conveyance was in exchange for payment of $85,000 to cover anticipated legal expenses to defend against a likely criminal charge based on his arrest for possession of marijuana. He also claimed his family would need some of the money for living expenses should he be jailed.

¶5 In early May, Yatin's counsel served a notice of appearance and request for discovery on counsel for the SRDTF in the first of these proceedings. Vijay's counsel also served a notice of appearance and request for discovery on counsel for the SRDTF in mid-June.

¶6 On May 15, 2006, the SRDTF commenced five additional forfeiture proceedings in Snohomish County Superior Court. The SRDTF simultaneously recorded a lis pendens against each of the five other properties at issue in these proceedings. In June and July, respective counsel for

---

[1] We hereby consolidate cause number 60313-2 under cause number 60312-4.

[2] See *Tellevik v. 31641 W. Rutherford St.*, 120 Wn.2d 68, 86, 838 P.2d 111 (1992) (claimants entitled to full adversarial hearing within 90 days if they contest seizure).

Vijay and Yatin served notices of appearance and requests for discovery on counsel for the SRDTF in the five additional proceedings.

¶7 In April 2007, SRDTF simultaneously moved for summary judgment in all six forfeiture proceedings. The task force claimed that the interests, if any, of Yatin and Vijay in the properties should be forfeited because they failed to notify the task force "within 90 days of [their] seizure" of a "claim of ownership or right to possession of the real property."[3] The court granted the motions and denied the motions for reconsideration.

¶8 Vijay and Yatin appeal.

## SEIZURE AND FORFEITURE

¶9 Vijay and Yatin contend that the trial court erred when it granted SRDTF's motions for summary judgment, forfeiting the six properties. They argue that the notices of appearance that they served on counsel for SRDTF in these proceedings were sufficient to comply with RCW 69.50-.505(5), the drug seizure and forfeiture statute. We agree.

¶10 A motion for summary judgment may be granted when there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law.[4] We review a summary judgment order de novo, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party.[5]

¶11 The fundamental objective of statutory construction of the seizure and forfeiture statute, RCW 69.50.505, is to ascertain and carry out the intent of the legislature.[6]

---

[3] Clerk's Papers at 246.

[4] CR 56(c).

[5] *Khung Thi Lam v. Global Med. Sys.*, 127 Wn. App. 657, 661 n.4, 111 P.3d 1258 (2005).

[6] *Key Bank of Puget Sound v. City of Everett*, 67 Wn. App. 914, 917, 841 P.2d 800 (1992) (construing former RCW 69.50.505), *review denied*, 121 Wn.2d 1025 (1993).

"Where statutory language is plain and unambiguous, the statute's meaning must be derived from the wording of the statute itself. Each provision of the statute should be read in relation to the other provisions, and the statute should be construed as a whole. A literal reading of a statute is to be avoided if it would result in unlikely, absurd or strained consequences. The interpretation which is adopted should be the one that best advances the legislative purpose."[7]

¶12 Forfeitures are not favored and such statutes are construed strictly against the seizing agency.[8] The meaning of a statute is a question of law that we review de novo.[9]

¶13 The only reasonable interpretation of RCW 69.50.505(3), (4), and (5) is one that permits all interests in property subject to forfeiture to be adjudicated at a single forfeiture hearing.[10] Moreover, these three sections of the statute should be read together.[11]

¶14 This civil forfeiture statute permits seizure and forfeiture of real property when the owner knows the property is being used for the manufacture, processing, or delivery of any controlled substance, or when the property was acquired with proceeds traceable to drug transactions.[12] However, no real property interest may be forfeited on the basis of an act committed without the owner's knowledge or consent.[13]

¶15 A law enforcement agency may seize real property subject to forfeiture under the statute by recording a lis

---

[7] *Id.* at 917-18 (citations omitted).

[8] *Bruett v. 18328 11th Ave. N.E.*, 93 Wn. App. 290, 295, 968 P.2d 913 (1998).

[9] *Okeson v. City of Seattle*, 150 Wn.2d 540, 548-49, 78 P.3d 1279 (2003).

[10] *See Key Bank*, 67 Wn. App. at 919 (construing previous versions of similar provisions of former RCW 69.50.505).

[11] *See id.* at 918.

[12] RCW 69.50.505(1)(h).

[13] RCW 69.50.505(1)(h)(i).

pendens.[14] Where a law enforcement agency seizes such real property, proceedings for forfeiture are commenced by the seizure, and the agency must serve notice of seizure within 15 days on the owner and any other person known to have an interest in the property.[15] Alternative statutory procedures following seizure of the real property by the recording of a lis pendens are described in the following two sections of RCW 69.50.505:

> (4) If no person notifies the seizing law enforcement agency in writing of the person's claim of ownership or right to possession of items specified in subsection (1)(d), (g), or (h) of this section within forty-five days of the seizure in the case of personal property and ninety days in the case of real property, the item seized shall be deemed forfeited. The community property interest in real property of a person whose spouse or domestic partner committed a violation giving rise to seizure of the real property may not be forfeited if the person did not participate in the violation.

> (5) If any person notifies the seizing law enforcement agency in writing of the person's claim of ownership or right to possession of items specified in subsection (1)(b), (c), (d), (e), (f), (g), or (h) of this section within forty-five days of the seizure in the case of personal property and ninety days in the case of real property, the person or persons shall be afforded a reasonable opportunity to be heard as to the claim or right. . . .

¶16 Here, the dispositive question is whether the notices of appearance and requests for discovery that Yatin and Vijay served on counsel for the SRDTF satisfied the statute's requirement to "notif[y] the seizing law enforcement agency in writing of [Yatin and Vijay's] claim[s] of ownership or right to possession [of the six properties]."[16] If Yatin and Vijay notified the SRDTF within "ninety days" of the "seizure . . . of real property," they were entitled to a hearing on their claims of rights to the seized properties under RCW 69.50.505(5).

---

[14] RCW 69.50.505(2).

[15] RCW 69.50.505(3).

[16] *See* RCW 69.50.505(4).

¶17 The statute is silent on the content of the written notice a person must give to the seizing agency. But, this court's opinion in *Espinoza v. City of Everett*[17] offers guidance.

¶18 There, this court discussed the requirements of former RCW 69.50.505(e) (1990), the predecessor to the notice of claim provision at issue here.[18]

¶19 There, the City of Everett seized a car and $260,000 in cash found inside it.[19] The City notified the registered owner about seizure of the car but did not notify him about the cash. In response, the car owner's attorney notified the City that he claimed ownership and right to possession of the car. The attorney also indicated that he represented a group of individuals who were the lawful owners of the large sum of cash also seized by the City.[20] The attorney did not explicitly identify the individual members of the group claiming the cash but requested a hearing for both the car and the cash.[21]

¶20 The City did not respond until after the deadline for demanding a hearing had elapsed. The City initially agreed to set a hearing for the car but refused to set a hearing on the cash, contending that " 'a claim by 25 unidentified persons who provide no basis in fact for the claim is not a sufficient notice of claim.' "[22] On appeal, this court rejected the City's argument as one unsupported by statute or case law.[23]

¶21 Interpreting the forfeiture statute, the court concluded that the explicit naming of all individual claimants

---

[17] 87 Wn. App. 857, 943 P.2d 387 (1997), *review denied*, 134 Wn.2d 1016 (1998).

[18] *Id.* at 867.

[19] *Id.* at 861.

[20] *Id.* at 862.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 867.

was not required.[24] The court noted that the only identifying information necessary at this initial stage was contact information so that the City could schedule further proceedings.[25]

¶22 The court also rejected the City's argument that the notice of a claim was insufficient because the legitimacy of plaintiffs' claims could not be discerned from the demand letter.[26] Again interpreting the plain language of the statute, our court determined that nothing in the forfeiture statute required a recitation of background facts establishing the claimants' interests in the property.[27] "[T]he statute places no such burden on the demand letter. The legitimacy of the claim is to be resolved by a trier of fact after a full adversarial hearing."[28]

¶23 We now apply these principles to the cases before us.

### Claimants Yatin and Vijay

¶24 The material facts regarding the dispositive issue that is presently before us are undisputed. On March 17, 2006, the SRDTF commenced the first action against the property located at 20803 Poplar Way, Lynnwood, Washington and also recorded a lis pendens against that property on the same date.[29]

¶25 On May 3, 2006, counsel for Yatin mailed a notice of appearance and request for discovery to counsel for the task force.[30] On June 14, 2006, counsel for Vijay also mailed a notice of appearance and request for discovery to counsel

---

[24] *Id.* at 868.

[25] *Id.* at 867.

[26] *Id.*

[27] *Id.* at 868.

[28] *Id.* at 867.

[29] Clerk's Papers at 234-36.

[30] Clerk's Papers at 286-89.

for the task force.[31] Both notices were presumptively received by counsel for the task force on the "third day following the day upon which they [were] placed in the mail."[32] Because both notices were properly served within 90 days of the recording of the lis pendens against this real property, there is no issue concerning the timeliness of the notices.

¶26 Moving to the content of the notices, we first consider the one served by Yatin's attorney. In the caption of the notice, there is the following identification: "YATIN JAIN and ASHIMA JAIN, husband and wife, **Claimant(s)**."[33] The body of the notice contains the following: "PLEASE TAKE NOTICE that THE MACDONALD LAW OFFICE is appearing on behalf of the **Claimant(s)**."[34] Finally, the signature block for counsel has the following wording below it: "Attorney for **Claimant(s)**."[35]

¶27 Vijay's attorney also served on counsel for the task force a notice of appearance and request for discovery.[36] The notice was identical to the notice of appearance above, with the exception that it stated, "VIJAY JAIN and MRS. VIJAY JAIN, husband and wife" followed by the word "**Claimant(s)**" in the caption.[37] The notice also indicated that **claimants** were represented by David G. Arganian.[38]

¶28 This information stated in the notices of appearance and requests for discovery is sufficient to alert the SRDTF in this case that both Yatin and Vijay contested the seizure and forfeiture and that a hearing is required under RCW

[31] Clerk's Papers at 276-79.

[32] Civil Rule 5(b)(2)(A).

[33] Clerk's Papers at 286 (emphasis added).

[34] Clerk's Papers at 286 (emphasis added).

[35] Clerk's Papers at 289 (emphasis added).

[36] Clerk's Papers at 276.

[37] Clerk's Papers at 276 (emphasis added).

[38] Clerk's Papers at 276, 279.

69.50.505(5). There is no other reasonable interpretation of these documents.

¶29 As this court held in *Espinoza*, nothing in the statute requires the written notice to the seizing agency to contain anything more than contact information so that further proceedings may be scheduled.[39] Here, there is such information. The notices of appearance are sufficient under the statute.

¶30 We also note that reading RCW 69.50.505(3) through (5) together, as we must, it is clear that the legislature intended that notice and an opportunity to be heard are bedrock principles underlying this statute. Forfeiture of the interests of Yatin and Vijay on this record does violence to these principles.

¶31 On May 15, 2006, the task force commenced five additional forfeiture actions in Snohomish County Superior Court. A lis pendens was recorded against each of those properties on the same day.[40] As in the first proceeding, respective counsel for Yatin and Vijay served notices of appearance and requests for discovery within 90 days of the corresponding lis pendens.[41]

¶32 Nevertheless, the trial court granted the task force's motions for summary judgment. The sole basis for the rulings was that the court concluded that Yatin and Vijay failed to give timely written notice contesting the forfeiture.

¶33 But, as we have already held, the information stated in these notices of appearance and requests for discovery is sufficient to alert the SRDTF that Yatin and Vijay contested the respective seizures and forfeitures and that a hearing is required under RCW 69.50.505(5). There is no other reasonable interpretation of these documents.

---

[39] *See Espinoza*, 87 Wn. App. at 867.

[40] Clerk's Papers at 212-15 (re: 8526 8th Ave. W), 472-75, 742-45, 1185-88, 1526-28.

[41] Clerk's Papers at 216-19 (re: 8526 8th Ave. W), 220-23, 476-79, 480-84, 746-49, 750-53, 1203-06, 1208-11, 1542-45, 1546-49.

¶34 The task force argued below in its motion for summary judgment that the notices of appearance did not constitute claims under the statute. On appeal, the SRDTF argues that "a careful examination of each Notice of Appearance demonstrates that neither describes any claim of ownership or any right to possession. Each merely advises counsel and the Court that these parties are represented by counsel."[42] We disagree.

¶35 In *Espinoza*, this court rejected precisely the same argument. As we have already explained in discussing that case, "the statute places no such burden on the [claimant]. The legitimacy of the claim is to be resolved by a trier of fact after a full adversarial hearing. It is not to be unilaterally resolved by the party seeking to effectuate forfeiture."[43]

¶36 Moreover, it is unclear to us what additional information about the nature of ownership or right to possession the task force sought. Based on the title report or equivalent document that the task force presumably used to determine that Yatin was an "interested party" named in these proceedings, the task force knew that Yatin was the record title owner at the commencement of the first action. Moreover, the task force would also have known from updating the relevant title reports that Yatin conveyed several properties to Vijay shortly after commencement of the first of the six proceedings.

¶37 Because Yatin and Vijay timely served on counsel for the SRDTF written notice of their claims satisfying the statute under RCW 69.50.505(5), they must now "be afforded a reasonable opportunity to be heard as to the claim or right." Due process requires that they receive a full adversarial hearing within 90 days.[44]

¶38 SRDTF argues that documents in the record illustrate that Yatin knew how to file a personal property claim

---

[42] Brief of Respondent at 4-5.

[43] *Espinoza*, 87 Wn. App. at 867.

[44] *See Tellevik*, 120 Wn.2d at 86, 87.

demonstrating an unequivocal claim of ownership, undermining his argument that the notice of appearance was adequate. Based on *Espinoza* and the plain words of the statute, this argument is unconvincing.

¶39 SRDTF next argues that Yatin's notice of appearance provides no information about his claim because it is inconsistent with later declarations he made regarding his ownership in this and other properties. This argument is unpersuasive for the reasons we have already discussed. The seizing agency is not to determine for itself whether forfeiture is allowed.[45]

¶40 SRDTF next argues that strict compliance with the forfeiture statute is required. But we have already held that Yatin and Vijay both complied with the provisions of the statute, and the two Washington cases that the task force relies on are distinguishable.

¶41 *Key Bank of Puget Sound v. City of Everett*[46] addressed whether a bank, which held a bona fide perfected security interest in a seized vehicle, was required to file a claim under the statute to preserve its interest in the forfeited vehicle.[47] There, neither party disputed that the bank failed to respond to the notice of seizure and did not notify the City of its claim under a former version of RCW 69.50.505(4).[48] Due to this failure, the court held that the bank could not recover its interest in the vehicle.[49] Because *Key Bank* addresses a situation where no claim was filed, it is not instructive here.

¶42 In *Bruett v. 18328 11th Ave. N.E.*,[50] the court held that the seizing agency must strictly comply with the

---

[45] *Espinoza*, 87 Wn. App. at 867.

[46] 67 Wn. App. 914, 841 P.2d 800 (1992).

[47] *Id.* at 916.

[48] *Id.*

[49] *Id.* at 920.

[50] 93 Wn. App. 290, 968 P.2d 913 (1998).

service of process requirements of the forfeiture statute.[51] Recognizing that forfeitures are not favored, the court reversed the order of forfeiture because the law enforcement agency that seized the real property failed to serve notice of the seizure on the owners of the property as the statute requires.[52] *Bruett* is also inapplicable to our case. Neither Yatin nor Vijay is a seizing agency, and they have complied with the statute.

¶43 Finally, because Yatin and Vijay complied with the state statute, the numerous federal cases that the SRDTF cites are not instructive. The federal statute generally requires more detail in a claim than does the Washington statute.[53]

## OTHER ARGUMENTS

■ ¶44 Yatin and Vijay make a number of constitutional and other arguments that the trial court did not reach. Because we have decided these cases on the basis we have discussed, it is unnecessary for us to address any of the other arguments. We express no opinion on their merits.

---

[51] *Id.* at 302.

[52] *Id.* at 294-95.

[53] *Compare* RCW 69.50.505(5) (requiring a person who contests seizure of real property by state agency to notify seizing agency in writing of claim to ownership or possession within 90 days) *with* FED. R. CIV. P. Supplemental Admiralty or Maritime Claims and Asset Forfeiture Actions Rule C(6)(a):

> [A] person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest ... within 10 days after the execution of process ... describ[ing] the interest in the property that supports the person's demand for its restitution or right to defend the action; ... an agent, bailee, or attorney must state the authority to file a statement of right or interest on behalf of another; and ... a person who asserts a right of possession or any ownership interest must serve an answer within 20 days after filing the statement of interest or right.

(*See* FED. R. CIV. P. Supplemental Admiralty or Maritime Claims and Asset Forfeiture Actions Rule A(1)(B) (making rules applicable to forfeiture actions in rem arising from a federal statute)).

## ATTORNEY FEES

¶45 Yatin and Vijay claim they are entitled to attorney fees and costs on appeal. Because the proceedings are not yet complete, we disagree.

¶46 Yatin and Vijay seek attorney fees and costs on appeal under RAP 18.1 and RCW 69.50.505(6), which states:

> In any proceeding to forfeit property under this title, where the claimant substantially prevails, the claimant is entitled to reasonable attorneys' fees reasonably incurred by the claimant. In addition, in a court hearing between two or more claimants to the article or articles involved, the prevailing party is entitled to a judgment for costs and reasonable attorneys' fees.

Because the claimants have not yet prevailed in this litigation, a ruling on attorney fees is premature.

## SUMMARY

¶47 The trial court erred in granting SRDTF's motions for summary judgment. The notices of appearance served on counsel for the SRDTF by Yatin and Vijay within 90 days of seizure of the properties by recording of the lis pendenses were sufficient written notices under RCW 69.50.505(5). On remand, the trial court shall hold a hearing within 90 days of the filing of this opinion to address the rights of Yatin and Vijay as well as others with claimed interests in the property. The question whether Yatin and/or Vijay are entitled to an award of attorney fees under RCW 69.50-.505(6) shall abide the results of that hearing.

¶48 We reverse all summary judgment orders and remand for a hearing to be held within 90 days of the filing of this opinion.

BECKER and ELLINGTON, JJ., concur.